819 So.2d 968 (2002)
Theiry GUERIN, Appellant,
v.
Marion DiROMA, Appellee.
No. 4D01-1641.
District Court of Appeal of Florida, Fourth District.
June 26, 2002.
*969 Andrew Schein of Vesel & Siegel, P.A., Fort Lauderdale, for appellant.
George H. Aslanian, Jr., of Aslanian & Aslanian, Fort Lauderdale, for appellee.
ROBY, WILLIAM L., Associate Judge.
Appellant Theirry Guerin timely appeals the Circuit Court's order of final judgment determining various obligations. This court has jurisdiction pursuant to Florida Rule of Appellate Procedure 9.030(b)(1)(A). The trial court's judgment is affirmed on all points on appeal except for those portions of its order which (1) require Appellant to secure his support obligation through life insurance and (2) find Appellee is entitled to her attorney's fees below.
Upon review of the record, we agree with Appellant's contention that insufficient evidence was presented regarding the father's insurability or what the cost of life insurance would be. In Knight v. Knight, 746 So.2d 1117, 1119 (Fla. 4th DCA 1999), this court held that it was error to order an obligor to maintain a life *970 insurance policy to secure a child support award without having taken evidence of the existence of a policy or the cost thereof. The trial court failed to make the requisite findings to justify ordering the father to secure life insurance. In Lopez v. Lopez, 780 So.2d 164, 165 (Fla. 2d DCA 2001), the Second District held that the failure to include in a divorce record evidence of a husband's insurability, cost of proposed insurance, and a husband's ability to afford insurance warranted reversal of an order requiring the husband to purchase insurance to secure child support and an alimony obligation.
Section 61.13(1)(c), provides that a court may order an obligor to purchase or maintain a life insurance policy to the extent necessary to protect an award of child support, § 61.13(1)(c), Fla. Stat. (2001)("To the extent necessary to protect an award of child support, the court may order the obligor to purchase or maintain a life insurance policy or a bond, or to otherwise secure the child support award with any other assets which may be suitable for that purpose.") [e.s.]. As the statute itself indicates, the circumstances must suggest a necessity for such protection, and therefore the trial court should make appropriate findings regarding the necessity for insurance protection. This insurance, when found necessary, is to that extent part of the child support obligation, and the child support provisions in Chapter 61 do not require a parent to support a child beyond the obligor's ability to do so. See § 61.30, Fla. Stat. (2001), and Migliore v. Migliore, 792 So.2d 1276 (Fla. 4th DCA 2001) (calculation of child support must begin with guidelines, with variations, if any, based upon the statutory factors). Hence the parent cannot be required to provide insurance protection beyond the parent's ability to do so. For example the obligor's health or finances may make the cost of such insurance prohibitively expensive. Thus the trial court has discretion to order such protective insurance of a child support obligation only when the circumstances show a necessity for such protection and then only within the obligor's ability to provide such security. See Moss v. Moss, 636 So.2d 164 (Fla. 4th DCA 1994) (while trial court must consider financial needs of children when calculating child support, court has discretion to deviate from statutory guidelines after considering parent's overall financial circumstances and impose obligation upon parent within his ability to pay). In this case, we note that the court found that the obligor's net monthly income is $1,970. The trial court did not make any finding, however, as to the necessity for insurance protection of the support obligation or the father's ability to pay for a $100,000 insurance policy based on his personal circumstances. We therefore reverse the insurance protection requirement and remand for further proceedings on that issue consistent with this opinion.
We reverse as to the issue of attorney's fees as well. The parties both took the position during trial that the issue of fees would be deferred to post-trial consideration. Appellant states that, in accordance with this mutual understanding, he did not offer his evidence and argument at trial as to the issue of fees. Appellee concedes in her brief that there was such an understanding but argues that it was appropriate for the judge to award such fees anyway because of the father's tactics and as an equitable matter under Rosen v. Rosen, 696 So.2d 697 (Fla.1997).
We reverse the determination of entitlement because of the parties' trial understanding, and remand for a post-trial determination of the entire issue. In effect the issue was determined without notice to the father that, in spite of the mutual understanding of the parties, it would actually be determined.
*971 We note this was a paternity case, not a dissolution of marriage proceeding. As a paternity case, the right to fees resides in section 742.045, not section 61.16. Nevertheless, because section 742.045 is nearly identical to the text and function of section 61.16, Rosen applies to the consideration of fees under section 742.045. Additionally, we see no basis for an award of section 57.105 fees. While the father's conduct may have been unreasonable in some respects, and apparently vexatious, it did not qualify for fees under section 57.105.
REVERSED AND REMANDED WITH DIRECTIONS.
WARNER and FARMER, JJ., concur.