888 So.2d 709 (2004)
Susan SCHODITSCH, Appellant/Cross-Appellee,
v.
Richard SCHODITSCH, Appellee/Cross-Appellant.
Nos. 1D04-1992, 1D04-2121.
District Court of Appeal of Florida, First District.
December 3, 2004.
John P. Townsend; John P. Townsend, P.A., Fort Walton Beach, for Appellant /Cross-Appellee.
Anthony C. Bisordi; Bisordi & Bisordi, P.A., Shalimar, for Appellee/Cross-Appellant.
HAWKES, J.
In this appeal and cross-appeal following a final order of dissolution of marriage, six issues are raised. Concluding only two have merit, we affirm the remaining issues on appeal, and the sole issue on cross-appeal, without discussion.
In its final order, the trial court ordered Appellant to pay the entire cost of the health insurance for the parties' minor child, and required her to obtain a life insurance policy for as long as she is required to pay child support. However, the court is required by statute to apportion the cost of the insurance between the parties on a percentage basis. See § 61.13(1)(b), Fla. Stat. (2003); Artuso v. Dick, 843 So.2d 942 (Fla. 4th DCA 2003); Forrest v. Ron, 821 So.2d 1163 (Fla. 3d DCA 2002).
Additionally, before ordering a party to obtain and maintain a life insurance policy, the court is required to make findings regarding the necessity for such coverage. See § 61.08(3), Fla. Stat. (2003); Guerin v. DiRoma, 819 So.2d 968 (Fla. 4th DCA 2002); Cissel v. Cissel, 845 So.2d 993 (Fla. 5th DCA 2003). In determining such necessity, the trial court should consider the cost and availability of the insurance and the financial impact on the obligor. See Guerin, 819 So.2d at 970; Cissel, 845 So.2d at 995.
The final order is REVERSED as to these two issues only, and the case REMANDED for proceedings consistent with this opinion.
ERVIN and DAVIS, JJ., concur.