PER CURIAM.
Appellant, Jamal J. Gazaleh, appeals the trial court’s Final Judgment of Paternity (“Final Judgment”), raising three arguments on appeal, only one of which merits discussion. Appellant contends that the trial court abused its discretion in ordering him to obtain and maintain a life insurance policy to secure his child support obligation because it failed to make the requisite findings. We agree and, therefore, reverse the Final Judgment as to this issue and remand. We otherwise affirm the Final Judgment.
As we have explained, before a trial court orders a party to obtain and maintain a life insurance policy, it is required to make findings with regard to the necessity for the coverage. See Schoditsch v. Schoditsch, 888 So.2d 709, 709 (Fla. 1st DCA 2004). In determining necessity, a trial court should consider the financial impact on the obligor and the cost and availability of the coverage. Id.; see also Smith v. Smith, 912 So.2d 702, 704 (Fla. 2d DCA 2005) (noting that to require a life insurance policy, a trial court must make findings as to the availability and cost of insurance, the obligor’s ability to pay, and the special circumstances that warrant the policy); Guerin v. DiRoma, 819 So.2d 968, 969 (Fla. 4th DCA 2002) (reversing the insurance protection requirement in the final judgment because the trial court did not make any finding with respect to the necessity for insurance protection or the obligor’s ability to pay for the life insurance policy). Appellee, Christine Reeves, concedes that the trial court did not make the requisite findings in this case.
Accordingly, we REVERSE the Final Judgment as to this issue and REMAND for further proceedings.
WOLF, LEWIS, and THOMAS, JJ., concur.