PER CURIAM.
The former husband, Omar Piedra, appeals from the final judgment of dissolution entered by the trial court. He argues that the trial court erred in its equitable distribution of assets and liabilities, in ordering him to pay all the premiums for their minor children’s health insurance and in its imputation of income to the former husband. We affirm without discussion the trial court’s distribution of the parties’ assets and liabilities. We also affirm the trial court’s conclusion that income should be imputed to the former husband. However, we reverse as to the amount of income imputed to the former husband and remand for the trial court to recalculate deducting all legitimate business expenses. We also remand for clarification of the apportionment of the cost of insurance premiums.
The former husband argues that the trial court erred in imputing $109,909 as gross annual income to him. “The standard of review governing a trial court’s imputation of income is whether the determination is supported by competent, sub *1106 stantial evidence.” Brown v. Cannady-Brown, 954 So.2d 1206, 1207 (Fla. 4th DCA 2007).
Although the trial court is free to determine the credibility of witnesses, restraints on imputation exist in the form of a required two-step analysis. First, the trial court must conclude that the termination of income was voluntary; second, the court must determine whether any subsequent underemployment “resulted from the spouse’s pursuit of his own interests or through less than diligent and bona fide efforts to find employment paying income at a level equal to or better than that formerly received.” See Konsoulas v. Konsoulas, 904 So.2d 440, 443 (Fla. 4th DCA 2005) (quoting Ensley v. Ensley, 578 So.2d 497 (Fla. 5th DCA 1991)). In any event, the trial court may only impute a level of income supported by the evidence of employment potential and probable earnings based on history, qualifications, and prevailing wages. See id.
Brown, 954 So.2d at 1207-08 (quoting Schram v. Schram, 932 So.2d 245, 249-50 (Fla. 4th DCA 2005)).
As background, during the parties’ marriage, they owned a business called Master Irrigation, Inc. The former wife was the bookkeeper for the business and the former husband handled all other aspects of the business of installing irrigation systems. After the parties separated in 2006, the number of clients declined and by the end of 2008, the former husband closed down Master Irrigation, Inc. The former husband testified that, at the time of the hearing, he had just started working as a diesel mechanic for $400 per week. However, he also admitted that a new business called Master Irrigation and Services LLC had been formed by his brother. The former husband was a member/manager of the new company.
Based on this and other evidence presented, the trial court found that the former husband was voluntarily underemployed and that his new occupation as a diesel mechanic was chosen in an attempt to show his inability to pay child support. The trial court found the former husband’s testimony less than credible with respect to income. We conclude that there was substantial, competent evidence presented which supports the trial court’s determination that income should be imputed to the former husband.
With respect to the amount of income imputed, the trial court relied on the 2008 tax return for an S corporation filed by Master Irrigation, Inc. to calculate the former husband’s level of income. The return showed $150,622 in gross receipts with a cost of goods reduction of $40,713 leaving $109,909 as gross profit and total income for the business. The trial court noted that there were total deductions of $60,028 but did not allow any of the deductions to offset the total income because the evidence showed that most of this amount paid for personal expenses of the parties such as vehicle expenses and medical insurance. The trial court imputed income of $109,909 to the former husband. The trial court also imputed income to the former wife in the amount of $30,000 based upon her ability to work as a bookkeeper.
By imputing the total income of the business to the former husband, the trial court disregarded a deduction of $1,107 for repairs and maintenance and a deduction of $3,494 for taxes and licenses for the business. Other deductions taken by the business were $23,251 for automobile and truck expenses and $6,191 for insurance. The trial court found that these were deductions for personal expenses from which the parties benefitted and should be considered as “add backs.” By lumping together these deductions or “add backs” *1107 without determining which were legitimate business expenses instead of personal expenses, the trial court erred in attributing these all to the former husband’s income.
The former husband also argues that the former wife was a 50% shareholder in the business and income was distributed to her, which reduces his income by half. The former husband was awarded the entire business in equitable distribution. Because the former husband performed all of the work for the business except for the bookkeeping, it appears that the expense for a bookkeeper should also be deducted from the former husband’s total income as a business expense. We note that the trial court imputed income $30,000 to the former wife based upon her abilities as a bookkeeper.
The former husband also argues that the trial court erred when it ordered him to pay all premiums for medical and dental insurance for the parties’ children. The trial court stated in the final judgment:
28. The Respondent/Husband shall obtain health, medical and dental insurance for the benefit of the parties’ minor children. The parties shall share all uncovered health, medical and dental insurance in accordance with their respective share.
Section 61.13(l)(b), Florida Statutes (2011), provides, in pertinent part:
[T]he court shall apportion the cost of health insurance, and any noncovered medical, dental, and prescription medication expenses of the child, to both parties by adding the cost to the basic obligation determined pursuant to s. 61.30(6).
That section also permits the trial court to order one party to obtain the insurance. “However, the court is required by statute to apportion the cost of the insurance between the parties on a percentage basis.” Schoditsch v. Schoditsch, 888 So.2d 709, 709 (Fla. 1st DCA 2004).
The trial court’s order properly ordered the former husband to obtain the health insurance but the judgment as written does not clearly order the apportionment of the cost of health insurance as required by the statute. Therefore, we remand for clarification of this provision in the judgment.
We also reverse and remand for the trial court to recalculate the amount of income to impute to the former husband based upon the discussion above.

Reversed and remanded for further proceedings.

MAY, C.J., HAZOURI and GERBER, JJ., concur.