PER CURIAM.
This is an appeal of a final judgment rendered in a dissolution of marriage case. Of the issues raised by the former wife, we find merit in only those that we now discuss.
The parties owned a marital home. The trial court awarded the home to the former husband and ordered the former wife to execute a quitclaim deed of her interest to the former husband. However, the home was mortgaged, and the trial court made no provision for the former wife to be relieved of liability for that indebtedness. We, therefore, reverse that part of the final judgment, and on remand, the trial court should direct that the former husband attempt to refinance the home to get the mortgage solely in his name within a reasonable time and include a hold harmless provision in the amended final judgment in the event the former husband is unable to obtain refinancing.
The trial court found that the parties owed the former husband’s parents an outstanding balance of $43,680 on an unsecured loan from the parents. Monthly payments had previously been made by the parties to repay the loan. The trial court ordered that the former wife immediately pay her half of the debt from the marital assets she was awarded in the dissolution proceedings. However, there is no finding that the loan was overdue or that the repayment terms called for any *167 thing other than monthly payments. Moreover, the trial court made no finding that the former wife was unwilling or unable to repay her share of the loan. See Mondello v. Torres, 47 So.3d 389 (Fla. 4th DCA 2010). Therefore, on remand, the trial court shall make the necessary findings regarding the former wife’s ability and willingness to repay her half of the loan.
The parties have three minor children. The court made the former husband fully responsible for the $264 monthly insurance premium for the children but apportioned the uncovered medical expenses fifty-fifty. As the former wife argues on appeal, this equal division of uncovered medical expenses was error where the former husband was given the children 60% of the time and the former wife received them 40% of the time. Given that the support guidelines show the former husband should be responsible for 60% and the former wife 40% of the children’s support, those percentages should have been applied to the uncovered medical expenses. See Wilcox v. Munoz, 35 So.3d 136, 141 (Fla. 2d DCA 2010) (“It is error for the court to equally divide the noncovered medical, dental, and prescription medication expenses when the court arrives at an unequal percentage share of child support.”); Salazar v. Salazar, 976 So.2d 1155, 1157 (Fla. 4th DCA 2008) (“The trial court ordered the parties to equally divide any uninsured medical and dental expenses for the child despite determining Silvia’s percentage share of child support to be 36% and Orestes’s share to be 64%. We find this to be reversible error.”). We, therefore, reverse that part of the judgment regarding uncovered medical expenses and remand for recalculation of the percentage of uncovered medical expenses for which each party is to be liable.
In addition, the monthly insurance premium payments made by the former husband should be factored into the support equation.[1] Although it is proper to order one party to obtain the health insurance coverage, the court “is required by statute to apportion the cost of the insurance between the parties on a percentage basis.” Piedra v. Piedra, 126 So.3d 1104, 1107 (Fla. 4th DCA 2012) (quoting Schoditsch v. Schoditsch, 888 So.2d 709, 709 (Fla. 1st DCA 2004)). Unfortunately, the guidelines worksheet the court used was not included in the record and, without it, this court cannot determine whether the trial court took into account the former husband’s payment of 100% of the insurance premiums. On remand, the trial court should re-examine this matter and attach the pertinent worksheets to the subsequent amended final judgment to support its conclusions.
The trial court denied the former wife’s motion for attorney’s fees. The former wife argues that because of the disparity in the income of the parties, it was an abuse of discretion to deny her fees. We agree. On remand, the trial court is to reconsider the former wife’s entitlement to fees in light of her lower income.
We, therefore, reverse those portions of the final judgment previously discussed and remand for further proceedings consistent with this opinion. In all other respects, the final judgment is affirmed.
AFFIRMED in part; REVERSED in part; REMANDED.
SAWAYA, COHEN, and WALLIS, JJ., concur.

. No child support was ordered, based upon the court’s finding that if the numbers were less than $50 apart, no support would be ordered.