NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

CLAUDE MIKHAIL,                    )
                                   )
            Appellant,             )
                                   )
v.                                 )      Case No. 2D18-2153
                                   )
CHRISTINE MIKHAIL,                 )
                                   )
            Appellee.              )
_____   )

Opinion filed September 20, 2019.

Appeal from the Circuit Court for
Hillsborough County; Melissa M. Polo,
Judge.

Brian P. North of Kenny Leigh &
Associates, Pensacola, for Appellant.

Kyle J. Benda and K. Dean Kantaras
of K. Dean Kantaras, P.A., Palm
Harbor, for Appellee.


NORTHCUTT, Judge.

          Claude Mikhail appeals the final judgment dissolving his marriage to

Christine Mikhail.  We affirm without comment on all but one of the issues he has

raised.  We agree with his assertion that when calculating child support the trial court

erred in excluding from Christine Mikhail's income all of the automobile expenses paid

by her business. We reverse and remand for the court to revisit this item and recalculate the parties' child support obligations.

For purposes of child support under the statutory guidelines, a party's gross income includes "[r]eimbursed expenses or in kind payments to the extent that they reduce living expenses." § 61.30(2)(a)(13), Fla. Stat. (2017). The evidence at the final hearing below reflected that Christine Mikhail owned a company that reimbursed all of her automobile expenses, incurred both for business purposes and personal use. But the final judgment failed to include any of these reimbursements in her income when figuring the parties' child support responsibilities. Some of the automobile reimbursements should have been treated as her income because they reduced her living expenses. See Layeni v. Layeni, 843 So. 2d 295, 297 (Fla. 5th DCA 2003) (holding that the trial court erred by failing to consider automobile benefits paid on behalf of the former husband as income under section 61.30(2)(a)(13)).

On remand, the trial court shall determine which portion of the automobile reimbursements constitutes a legitimate business expense and which portion is for personal use. It shall recalculate the child support obligations accordingly. See Piedra v. Piedra, 126 So. 3d 1104, 1106–07 (Fla. 4th DCA 2012) (reversing and remanding to determine which expenses were legitimate business expenses and which were personal expenses).

Affirmed in part, reversed in part, and remanded.


KELLY and ATKINSON, JJ., Concur.