MONACO, J.
 

 The Former Husband, James Foster, appeals a final judgment dissolving his marriage to the Former Wife, Cynthia Foster, and resolving certain financial issues between the parties. We affirm in all respects except for the disposition of the matters of life insurance on the life of the Former Husband, and the award of attorney’s fees.
 

 The trial court ordered the Former Husband in the amended final judgment to “continue to carry the life insurance policy he now has through his employer and shall retain the [Former Wife] as beneficiary to ensure the payment of his alimony obligation should he meet an untimely demise.” A court clearly has the authority pursuant to sections 61.08(3) and 61.13(l)(c), Florida Statutes (2010), to protect an award of alimony by requiring a party who is ordered to pay alimony or child support to purchase and maintain a life insurance policy to secure those obligations. In order to support the requirement for life insurance, however, the trial court must make specific evidentiary findings regarding the availability and cost of insurance, the obligor’s ability to pay, and the special circumstances that warrant the requirement for security of the obligation.
 
 Kotlarz v. Kotlarz,
 
 21 So.3d 892, 893 (Fla. 1st DCA 2009) (citing
 
 Plichta v. Plichta,
 
 899 So.2d 1283, 1287 (Fla. 2d DCA 2005);
 
 Burnham v. Burnham,
 
 884 So.2d 390, 392 (Fla. 2d DCA 2004)). The failure to make the necessary findings constitutes reversible error.
 
 See Schoditsch v. Schoditsch,
 
 888 So.2d 709 (Fla. 1st DCA 2004).
 

 Moreover, “[t]he amount of insurance must be related to the extent of the
 
 *749
 
 obligation being secured.”
 
 See Burnham,
 
 884 So.2d at 392 (citing
 
 Zangari v. Cunningham,
 
 839 So.2d 918, 920 (Fla. 2d DCA 2003)). It is error, for example, for a trial court to require the obligated spouse to purchase a life insurance policy in an amount that exceeds his support obligation.
 
 See Beharry v. Drake, 52
 
 So.3d 790, 793 (Fla. 5th DCA 2010). Accordingly, the trial court must specify whether the insurance is security for unpaid support obligations, in which case only a portion of the proceeds are to be distributed to the beneficiaries upon the spouse’s death to minimize economic harm to the family.
 
 See Smith v. Smith,
 
 912 So.2d 702, 705 (Fla. 2d DCA 2005).
 

 The trial court in the present case did not make the required findings of fact necessary to underpin the life insurance requirement. We, accordingly, reverse this portion of the judgment and remand for rendition of the necessary findings.
 

 The Former Husband also argues that he was erroneously ordered to pay the Former Wife’s attorney’s fees. We agree that the trial court abused its discretion in this regard, as well.
 

 When considering the fee issue, a trial court must evaluate the financial need of the requesting party and the financial ability of the other party to pay when determining whether or not to award attorney’s fees.
 
 Price v. Price,
 
 951 So.2d 55, 59 (Fla. 5th DCA 2007). If the trial court places the parties in relatively equal financial circumstances after the dissolution, then it should not award attorney’s fees.
 
 Matajek v. Skowronska,
 
 927 So.2d 981, 988 (Fla. 5th DCA 2006);
 
 Derrevere v. Derrevere,
 
 899 So.2d 1152, 1153 (Fla. 4th DCA 2005). That is to say, one party should not have to substantially deplete his or her overall equitable distribution, or cause the inequitable diminution of an alimony award in order to pay attorney’s fees and costs for the other party.
 
 See Conlan v. Conlan,
 
 43 So.3d 931, 934 (Fla. 4th DCA 2010);
 
 see also Canakaris v. Canakaris,
 
 382 So.2d 1197, 1205 (Fla.1980).
 

 Here, the trial court put the parties into basically equal financial positions. Based on that parity and on the other factors bearing on this determination, we conclude that the court erred in ordering the Former Husband to pay the Former Wife’s attorney’s fees.
 

 Accordingly, we affirm in part, reverse in part, and remand for further consideration by the trial court consistent with this opinion.
 

 AFFIRMED in part, REVERSED in part, and REMANDED.
 

 LAWSON and JACOBUS, JJ., concur.