WALLIS, J.
The former husband, Richard G. Packo, appeals the final judgment that dissolved his marriage to the former wife, Kimberly S. Packo. We reverse and remand for the trial court to make the necessary valuations for the equitable distribution of marital assets and to reconsider the life insurance obligation imposed on the former husband or support such obligation with the requisite findings. We affirm the final judgment in all other respects.
We review the trial court’s final judgment dissolving the parties’ marriage for an abuse of discretion. Vitalis v. Vitalis, 799 So.2d 1127, 1130 (Fla. 5th DCA 2001). The trial court’s discretion, however, is curtailed by certain statutory and judicially created requirements. E.g., id. at 1131 (reversing final judgment of dissolution for failure to make statutorily required findings).
A. Equitable Distribution
Section 61.075(3), Florida Statutes (2011), requires a trial court to make specific findings of fact when equitably distributing marital property, “including the individual valuation of significant assets” and the “[ijdentification of marital liabilities.” Failure to comply with the requirements of section 61.075(3) is reversible error. Cook v. Cook, 714 So.2d 1158, 1158-59 (Fla. 5th DCA 1998) (citing Holmes v. Holmes, 709 So.2d 166 (Fla. 5th DCA 1998)); see also Calderon v. Calderon, 730 So.2d 400, 403 (Fla. 5th DCA 1999) (reversing and remanding, in part, because final judgment failed to state findings of value for three assets, regardless of how proper distribution appeared).
The final judgment on review lacks the requisite valuation for the marital home and other properties that the court *234 distributed. Without proper valuation of the marital assets, this Court is unable to meaningfully review the trial court’s distribution for an abuse of discretion. Therefore, we reverse and remand for the trial court to make the required findings regarding the equitable distribution of the marital property.
B. Life Insurance Obligation
A trial court has the power to order any party responsible for payment of alimony to “purchase or maintain a “life insurance policy or a bond” to the extent necessary to protect the award.” § 61.08, Fla. Stat.; see also Foster v. Foster, 83 So.3d 747, 748 (Fla. 5th DCA 2011). This obligation, however, must be supported by “specific evidentiary findings regarding the availability and cost of insurance, the obligor’s ability to pay, and the special circumstances that warrant the requirement for security of the obligation.” Foster, 83 So.3d at 748 (citing Kotlarz v. Kotlarz, 21 So.3d 892, 893 (Fla. 1st DCA 2009)). A trial court’s failure to make the required findings constitutes reversible error. Id. (citing Schoditsch v. Schoditsch, 888 So.2d 709 (Fla. 1st DCA 2004)). Additionally, the amount of insurance ordered must be related to the support obligation; thus, it is error for a court to order a party to purchase a life insurance policy that is greater in value than the support obligation. Id. at 748-49 (citing Burnham v. Burnham, 884 So.2d 390, 392 (Fla. 2d DCA 2004)).
Here, the life insurance requirement of the final judgment provides as follows:
The Husband shall be required to maintain a $500,000.00 life insurance policy, naming the Wife as the sole and irrevocable beneficiary, as security for his alimony and child support obligations. This shall be in effect within thirty (30) days of the date of this Final Judgment with written proof given to the Wife also within thirty (30) days of the date of this Final Judgment.
This language does not include the detailed findings needed to support its purpose. Accordingly, we also reverse and remand for the trial court to reconsider the life insurance obligation and, if applicable, make the necessary findings to support such an obligation.
AFFIRMED IN PART; REVERSED IN PART and REMANDED.
GRIFFIN and PALMER, JJ., concur.