NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

NAGABHUSHANAM VELAGA,                )
                                     )
          Appellant,                 )
                                     )
v.                                   )     Case No. 2D13-2253
                                     )
OOHA GUDAPATI,                       )
                                     )
          Appellee.                  )
                                     )

Opinion filed October 17, 2014.

Appeal from the Circuit Court for
Hillsborough County; Nick Nazaretian,
Judge.

Lorena L. Kiely, Tampa, for Appellant.

Christina C. Mesa of Mesa Law, P.A.,
Tampa, for Appellee.

VILLANTI, Judge.

          Nagabhushanam Velaga, the Former Husband, appeals the final judgment

dissolving his marriage to the Former Wife, Ooha Gudapati.  On appeal, the Former

Husband argues that the trial court abused its discretion by (1) not considering the

child's best interests in its development of the parenting plan; (2) using old data to

determine the Former Husband's ability to pay child support; (3) failing to consider the

Former Husband's transportation costs associated with his timesharing in its determination of child support payments; (4) ordering the Former Husband to secure the child support award with a life insurance policy; (5) entering awards to the Former Wife that cumulatively exhaust the Former Husband's ability to pay; and (6) ordering the Former Husband to pay the Former Wife the value of her missing nonmarital jewelry. We find merit only in the Former Husband's contention that it was improper for the trial court to order him to procure and maintain life insurance and therefore reverse on this issue alone. In all other respects, we affirm the final judgment without discussion.

Generally, the trial court has discretion to order the payor of child support to maintain a life insurance policy in order to secure the award. § 61.13(1)(c), Fla. Stat. (2012). However, the court's order must include findings on the cost of the insurance and whether the obligor can afford it, and there must be special circumstances that would necessitate such an order. See Cozier v. Cozier, 819 So. 2d 834, 837 (Fla. 2d DCA 2002). Here, the trial court did not make any findings on whether the Former Husband could afford life insurance, nor were there any findings of special circumstances that would necessitate the Former Husband obtaining life insurance. Absent these findings, the trial court committed reversible error when it ordered the Former Husband to procure a life insurance policy as security for his child support payments. Hence, we must reverse for these further proceedings.

On remand, if the trial court again obligates the Former Husband to procure and maintain life insurance, it must make the required findings and specify when the life insurance obligation will terminate. See Haydu v. Haydu, 591 So. 2d 655, 657 (Fla. 1st DCA 1991).

Affirmed in part, reversed in part, and remanded.

DAVIS, C.J., and CASANUEVA, J., Concur.