IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

KENNETH W. PALMER, JR.,

        Appellant,

 v.                                       Case No. 5D15-892

DEBORAH B. PALMER,

        Appellee.
_____/

Opinion filed August 12, 2016

Appeal from the Circuit Court
for Volusia County,
Kellie J. Miles, Judge.

Therese M. Truelove, Daytona Beach, and
Douglas A. Kneller, of Law Office of
Douglas A. Kneller, P.A., Daytona Beach,
for Appellant.

Steven J. Guardiano, Daytona Beach, for
Appellee.

COHEN, J.

     Kenneth Palmer ("Former Husband") appeals a final judgment dissolving his marriage to Deborah Palmer ("Former Wife"). He raises a number of issues, only one with merit—the trial court's requirement, without adequate factual findings, that he obtain life insurance as security for his alimony obligations.[1]

---

[1] We find the trial court did not abuse its discretion in the award of permanent alimony in this long-term marriage of eighteen years. Nor did the trial court abuse its discretion by ordering Former Husband to contribute to Former Wife's attorney's fees.

An order requiring a spouse to obtain a life insurance policy as security for an alimony award must be supported by record evidence, and the order must include findings as to the cost of insurance and any special circumstances justifying the need for the policy. Alpha v. Alpha, 885 So. 2d 1023, 1033 (Fla. 5th DCA 2004). Failure to make specific findings to support the award is reversible error. Id. at 1033-34. Former Wife properly concedes that the trial court erred in not making the requisite findings. Other than Former Wife's request for insurance in her initial petition, the record is devoid of any testimony or evidence regarding a policy or any special circumstances justifying its requirement. On remand, the trial court shall make sufficient findings of fact to support the award or remove the insurance requirement from its order. See id. at 1034.

Former Husband also challenges the award of a website to Former Wife. Neither party presented any testimony related to the website, discussed the website in the proceedings below, or attempted to establish its value. We do not see any inequity in the trial court distributing an apparently insignificant asset that the parties failed to value. If the parties inadvertently neglected to address a significant asset or liability with material impact on the equitable distribution scheme, we would view the issue differently. Instead, we find Former Husband has made much ado about nothing. He neither addressed the value of the website in his motion for rehearing, nor has he alleged any prejudice. Accordingly, we find no error in this award.

AFFIRMED IN PART; REVERSED IN PART, and REMANDED.

LAMBERT, J., and LEMONIDIS, R., Associate Judge, concur.