IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

JOHN FRANKLIN DUKE,

      Appellant,

 v.                                   Case No.  5D16-120

HEATHER DUKE,

      Appellee.

_____/

Opinion filed February 10, 2017

Appeal from the Circuit Court
for Orange County,
Mike Murphy, Judge.

Moses R. Dewitt, of Dewitt Law Firm, P.A.,
Orlando, for Appellant.

Jonathan R. Simon, of The Orlando Family
Firm, Orlando, for Appellee.


ORFINGER, J.

John Duke ("Former Husband") appeals the trial court's final judgment dissolving his marriage to Heather Duke ("Former Wife").  We reverse the alimony award, the attorney's fees award, the requirement that Former Husband maintain life insurance, and the parenting plan.  We affirm as to the remaining issues without comment.

The parties were married for twenty-five years before Former Wife filed a petition for dissolution of marriage.  At the time of the petition, they had one minor child.  Following

a non-jury trial, the trial court entered a final judgment of dissolution of marriage, which was subsequently amended after a motion for rehearing. The final judgment, in relevant part, ordered Former Husband to pay permanent periodic alimony, child support, attorney's fees, and a reimbursable lump sum to Former Wife for alternate housing. It also required Former Husband to maintain life insurance with Former Wife named as the beneficiary and established a parenting plan.

Typically, courts review dissolution of marriage final judgments as a whole for an abuse of discretion. Vitalis v. Vitalis, 799 So. 2d 1127, 1130 (Fla. 5th DCA 2001). This includes alimony awards, Dennison v. Dennison, 852 So. 2d 422, 424 (Fla. 5th DCA 2003), attorney's fees awards, Kelly v. Kelly, 925 So. 2d 364, 369 (Fla. 5th DCA 2006), requirements that a party maintain life insurance, Nelson v. Nelson, 795 So. 2d 977, 986 (Fla. 5th DCA 2001), parenting plans, Schwieterman v. Schwieterman, 114 So. 3d 984, 988 (Fla. 5th DCA 2012), and the distribution of assets, Winder v. Winder, 152 So. 3d 836, 838 (Fla. 1st DCA 2014).

Here, there is no trial transcript in the record. "Without a record of the trial proceedings, the appellate court [cannot] properly resolve the underlying factual issues so as to conclude that the trial court's judgment is not supported by the evidence . . . ." Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla. 1979). Thus, for an appellate court to review the sufficiency of evidence at trial, the appellant must either include in the record a trial transcript or a proper substitute, such as a stipulated statement of facts. Id.; Casella v. Casella, 569 So. 2d 848, 849 (Fla. 4th DCA 1990). That was not done here.

Florida courts typically will not reverse a dissolution order based on the sufficiency of required factual findings when there is no transcript or proper substitute in the record. Klette v. Klette, 785 So. 2d 562, 563 (Fla. 1st DCA 2001). However, if the trial court's error is clear on the face of the order or judgment, the appellate court can reverse. Hindle v. Fuith, 33 So. 3d 782, 785 (Fla. 5th DCA 2010); see Ferguson v. Ferguson, 54 So. 3d 553, 556 (Fla. 3d DCA 2011) (holding former wife's failure to include transcript of hearing did not preclude appellate review of order where reversible error existed on face of order); Casella, 569 So. 2d at 849 (finding reversible error on face of amended judgment alone).

ALIMONY

Here, the trial court found that the major marital asset was Former Husband's tax deferred retirement account, valued at $1.2 million. The final judgment awarded Former Wife fifty percent of the balance of Former Husband's retirement account. Nonetheless, the final judgment provides that Former Wife "does not have an [sic] assets other than $11.00 in her checking account and her vehicle which has a lien against it." The court noted that "the [Former Wife's] income is $9.00 per hour full time based on her testimony. This equates to a gross monthly income of $1,560.00 per month."

We agree with Former Husband that the trial court should have imputed to Former Wife's gross monthly income the interest generated from her one-half share of his retirement account. Section 61.046(8), Florida Statutes (2015), defines "income" and includes retirement benefits, pensions, dividends, and interest. In considering an alimony award, a trial court must consider all sources of income available to either party. § 61.08(2)(i), Fla. Stat. (2015). This includes payments received from interest-generating

3

retirement accounts.  Adelberg v. Adelberg, 142 So. 3d 895, 899 (Fla. 4th DCA 2014); Niederman v. Niederman, 60 So. 3d 544, 547 (Fla. 4th DCA 2011).

Because the trial court found that Former Wife's income was $1,560, based solely on her full-time job, it is apparent from the face of the final judgment that the court failed to impute interest from the one-half share of the retirement account that was awarded to her.  See Niederman, 60 So. 3d at 547 (holding that, under 26 U.S.C. §72(t) (2015), income from retirement account can be imputed to spouse for determining alimony when principal of account will not be invaded); see also Adelberg, 142 So. 3d at 899; Elliott v. Elliott, 867 So. 2d 1198, 1199-1200 (Fla. 5th DCA 2004).  Thus, we reverse the alimony award and remand for the trial court to consider interest from the retirement account when calculating Former Wife's income.[1]

## ATTORNEY'S FEES

Former Husband correctly argues, and Former Wife concedes, that the trial court erred in its attorney's fees award by failing to make the required findings.  In addition to findings of the need for and ability to pay attorney's fees, "[t]he trial court must also make specific findings as to the hourly rate, the number of hours reasonably expended, and the appropriateness of reduction or enhancement factors."  Giovanini v. Giovanini, 89 So. 3d 280, 282 (Fla. 1st DCA 2012) (citing Davis v. Davis, 613 So. 2d 147, 148 (Fla. 1st DCA 1993)).  A dissolution order awarding attorney's fees that "recites simply that the total amounts 'are reasonable time spent and hourly rates,' is insufficient under [Florida

---

[1] Because alimony needs to be recalculated, we note that it also appears that the trial court failed to reduce Former Husband's income by the amount of taxes that he is required to pay.

Patient's Compensation Fund v. Rowe, 472 So. 2d 1145, 1150 (Fla. 1985)]." Winder, 152 So. 3d at 842 (quoting Norman v. Norman, 939 So. 2d 240, 242 (Fla. 1st DCA 2006)).

Here, the trial court awarded $9,312.75 in attorney's fees to Former Wife. It found that Former Wife demonstrated a need for attorney's fees and that Former Husband had the ability to contribute to them. It provided in the final judgment that "the [Former Wife]'s request of $9,312.75 is reasonable given the nature and duration of the instant case. The hourly rates charged by all timekeepers is reasonable and the amount of hours billed is reasonable." The trial court's failure to set forth specific findings about the hourly rate and number of hours is error apparent from the face of the final judgment. See Esaw v. Esaw, 965 So. 2d 1261, 1265 (Fla. 2d DCA 2007) (acknowledging that award of attorney's fees without adequate findings justifying amount of award is reversible even when appellant provided inadequate record of trial court proceedings). Consequently, we must reverse the award of attorney's fees and remand for the trial court to make specific findings about the hourly rate, number of hours billed, and any reduction or enhancement factors. However, we affirm the finding of Former Wife's need for and Former Husband's ability to pay attorney's fees because, without a trial transcript, we cannot determine that this finding was error.

## LIFE INSURANCE

Former Husband argues that the trial court erred by failing to make required findings before ordering him to maintain life insurance. When a trial court requires a party to maintain life insurance as part of a dissolution order, it must "make specific evidentiary findings regarding the availability and cost of insurance, the obligor's ability to pay, and the special circumstances that warrant the requirement for security of the obligation."

5

Foster v. Foster, 83 So. 3d 747, 748 (Fla. 5th DCA 2011). A trial court's failure to make these required findings is reversible error. Id. (citing Schoditsch v. Schoditsch, 888 So. 2d 709 (Fla. 1st DCA 2004)). Thus, although there is no transcript in the record, we will reverse where the trial court fails to make factual findings in a final judgment regarding the requirement on a party to maintain life insurance. For example, in Packo v. Packo, 120 So. 3d 232, 234 (Fla. 5th DCA 2013), this Court reversed a life insurance requirement because the final judgment did "not include the detailed findings needed to support its purpose," and remanded for the trial court to make the necessary findings. See also Palmer v. Palmer, 198 So. 3d 1035, 1036 (Fla. 5th DCA 2016) (determining that order requiring spouse to obtain life insurance policy must include findings as to cost of insurance and any special circumstances justifying need for policy); Velaga v. Gudapati, 148 So. 3d 550, 551 (Fla. 2d DCA 2014) (holding that court's order requiring party to maintain life insurance to secure alimony award must include findings on cost, whether obligor can afford it, and special circumstances necessitating order).

Here, the final judgment states that Former Husband "shall maintain life insurance in the amount of $250,000.00 so long as he has either a child support or alimony obligation to the [Former Wife]. The [Former Husband] shall execute an absolute assignment of the policy to the [Former Wife] and designate her as the irrevocable beneficiary." The trial court's failure to include the required factual findings in the final judgment is an error apparent from the face of the final judgment. See Packo, 120 So. 3d at 234. Thus, we reverse and remand for the trial court to make specific findings regarding the availability and cost of insurance, Former Husband's ability to pay, and the

6

special circumstances that warrant the requirement for security of the obligation. See Foster, 83 So. 3d at 748; Packo, 120 So. 3d at 234.

THE PARENTING PLAN

We agree with Former Husband's argument that the trial court's parenting plan fails to comply with statutory requirements because it does not make findings required by section 61.13(2)(b), Florida Statutes (2015). Section 61.13(2)(b) states that a parenting plan must, at a minimum:

> 1. Describe in adequate detail how the parents will share and be responsible for the daily tasks associated with the upbringing of the child;
>
> 2. Include the time-sharing schedule arrangements that specify the time that the minor child will spend with each parent;
>
> 3. Designate who will be responsible for:
>
> a. Any and all forms of health care. If the court orders shared parental responsibility over health care decisions, the parenting plan must provide that either parent may consent to mental health treatment for the child.
>
> b. School-related matters, including the address to be used for school-boundary determination and registration.
>
> c. Other activities; and
>
> 4. Describe in adequate detail the methods and technologies that the parents will use to communicate with the child.

A trial court's failure to make these required factual findings is reversible error even where there is no transcript. Magdziak v. Sullivan, 185 So. 3d 1292, 1293 (Fla. 5th DCA 2016) (reversing parenting plan despite having no transcript because plan set forth timesharing schedule in only general terms).

7

Here, the final judgment required Former Husband and Former Wife to exercise shared parenting of the child and "divide uncovered medical expenses in proportion to the child support guideline percentages." It also provided that Former Wife would "have the majority of the responsibility with the parties' remaining minor child" and devised the following parenting plan:

> The [Former Husband] shall have liberal contact with the minor child upon providing 48 hours' notice to the [Former Wife] of same. The parties shall exercise shared parental responsibility. The [Former Husband] shall have no less than 1/3 of the overnights with the minor child. As long as the [Former Wife] has not previously indicated to the [Former Husband] that the child had a conflict, the [Former Husband] shall be allowed to have two weekends per month and the balance of weekdays for a total of at least 10 calendar nights per month. Both parents are to be involved with assisting the child with his school work during the time that the parent is exercising time sharing.

Like the parenting plan in Magdziak, these findings "lack specificity." See Magdziak, 185 So. 3d at 1293 n.2. As a result, the trial court's failure to include a more specific parenting plan that complies with section 61.13(2)(b) in the final judgment is an error apparent from the face of the final judgment. See id. at 1293. We reverse and remand for the trial court to make and include in its final judgment a legally sufficient parenting plan.

AFFIRMED in part; REVERSED in part; REMANDED.

COHEN, C.J., and TORPY, J., concur.