IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

DAVID J. NUGENT,

      Appellant,

v.                                                                         Case Nos.  5D16-2587
                                                                                    &  5D16-3284

JOY E. NUGENT,

      Appellee.

_____

Opinion filed September 7, 2017

Appeal from the Circuit Court for
Volusia County,
Elizabeth A. Blackburn, Judge.

Theodore R. Doran and Carol Yoon, of
Doran, Sims Wolfe & Ciocchetti, Daytona
Beach, for Appellant.

Joan Stefanec Briggs, of Adams, Briggs
and Briggs, Daytona Beach, for Appellee.

COHEN, C.J.

David Nugent ("Former Husband") appeals the final judgment dissolving his marriage to Joy Nugent ("Former Wife"). Former Husband also appeals the order awarding attorney's fees and costs to Former Wife.[1] We affirm in part, reverse in part, and remand for the trial court to readdress the equitable distribution of the parties' assets.

---

[1] Case no. 5D16-2587 is an appeal from the final judgment of dissolution; case no. 5D16-3284 is an appeal from the order granting Former Wife's request for attorney's fees. These cases were consolidated for purposes of this appeal.

The parties were married for over nine years; they had no children together. Former Husband worked throughout the marriage as an auto-body technician. Former Wife worked sporadically during the marriage but has not been employed since 2007. She testified that she is unable to work because of health issues. Former Wife testified that she planned to move to Arkansas where she would live in her elderly mother's home in order to save on rent, but that she needed money to facilitate the move, including funds to rent a moving truck, money for fuel, and new tires and brakes for her car. She also testified that she was in need of new glasses and dental services.

The parties stipulated that Former Husband would retain his non-marital assets, which totaled slightly over $90,000. The parties also stipulated that the marital home was devoid of equity. However, the parties disputed the valuation of other marital assets, such as Former Wife's automobile, Former Husband's motorcycle, personal property within the home, and a bank account in Former Husband's name. The former couple also had liabilities from consumer credit cards and outstanding medical bills that totaled approximately $28,000.

The court distributed the parties' marital assets, largely making each party responsible for their respective assets and liabilities, and awarded the marital home to Former Husband. The trial court awarded Former Wife $750 per month in durational alimony for seven years. Former Wife was also awarded a $2500 lump-sum payment of bridge-the-gap alimony.[2] The court subsequently granted Former Wife's request for attorney's fees and costs. This appeal followed.

---

[2] The trial court's order did not use the phrase "bridge-the-gap" alimony—referring instead only to "lump-sum alimony." Yet "lump-sum" is not a type of alimony but rather a method of allocating payments—any form of alimony can be awarded either as a lump

Former Husband first argues that the trial court erred in awarding alimony to Former Wife. We review a trial court's ruling on alimony for abuse of discretion. See Duke v. Duke, 211 So. 3d 1078, 1080 (Fla. 5th DCA 2017). Durational alimony is available "to provide a party with economic assistance for a set period of time following a marriage of short or moderate duration." § 61.08(7), Fla. Stat. (2015). "Bridge-the-gap" alimony is awarded "to assist a party by providing support to allow the party to make a transition from being married to being single." Id. § 61.08(5). Before awarding alimony, the court must make a finding regarding each party's need for alimony and the other party's ability to pay. Id. § 61.08(2). The court must also consider the factors outlined in subsections 61.08(2)(a)–(j). Id.

The trial court found that "after considering all of the factors of Section 61.08,"[3] Former Wife had a need for alimony and Former Husband had the ability to pay. The court pointed out that Former Husband's income was $52,896, while Former Wife had been unemployed for many years. The court imputed annual part-time income to Former Wife at $10 per hour, although the court did not provide a dollar amount for the total. The court also noted that Former Husband had significantly more non-marital assets than Former Wife, the preferential tax treatment he would receive on his alimony payments, his savings on health insurance premiums by no longer providing coverage for Former Wife, and the additional expense Former Wife would incur by paying for her own health

---

sum or as a periodic payment. See § 61.08(1), Fla. Stat. (2015). It is clear from the court's rationale for this award that the court was ordering bridge-the-gap alimony.

[3] The final judgment does not explicitly address the length of the parties' marriage, which was nine years. Presumably this was a marriage of moderate duration, as it lasted more than seven years but less than seventeen years. See § 61.08(4), Fla. Stat. (2015).

insurance. Regarding the $2500 lump-sum payment of bridge-the-gap alimony, the court found that based on his non-marital assets, Former Husband had the ability to pay and Former Wife was in need of support to assist with her immediate dental, vision, and vehicle needs prior to her move to Arkansas.

Former Husband first challenges the lump-sum payment of $2500 to Former Wife. However, the trial court's findings are sufficient to support the award. Former Wife's expenses are precisely the type that the statute contemplates. See id. § 61.08(5) ("Bridge-the-gap alimony may be awarded to assist a party by providing support to allow the party to make a transition from being married to being single. . . . [It] is designed to assist a party with legitimate identifiable short-term needs . . . .").

Regarding the durational alimony award, it is undisputed that Former Wife never worked full-time for longer than a few months during the marriage and never earned more than $9000 per year. Beyond the brief periods in 2007 and 2013 when Former Wife worked full-time, no evidence supported imputing a full-time wage to Former Wife as advocated by Former Husband. Although the trial court mistakenly found that Former Wife had not worked full-time since 1999, the record supports the more important finding—that Former Wife is not capable of full-time work. Based on the evidence and findings as to Former Husband's income and assets, the trial court did not abuse its discretion in finding that Former Husband has the ability to pay durational alimony of $750 per month.

Former Husband next argues that the trial court erred in the equitable distribution of the parties' assets. This Court reviews orders on equitable distribution for abuse of discretion. Coleman v. Bland, 187 So. 3d 298, 299 (Fla. 5th DCA 2016). Former Wife concedes that the equitable distribution award contains numerous valuation errors. She

4

acknowledges that the proper calculation for the distribution of marital assets would leave her with approximately $1314 more than Former Husband. While the parties stipulated to the values of many marital assets, the parties did not stipulate to an unequal distribution. Therefore, we decline to treat the trial court's calculation errors as de minimis.[4] See Packo v. Packo, 120 So. 3d 232, 234 (Fla. 5th DCA 2013) ("Without proper valuation of the marital assets, this Court is unable to meaningfully review the trial court's distribution . . . ."). Moreover, the trial court neglected to make findings as to why each party should take an unequal share. See § 61.075(1), (3), Fla. Stat. (2015); Packo, 120 So. 3d at 233.

Accordingly, we reverse the final judgment of dissolution and remand for the trial court to correct the calculation errors in the equitable distribution order and to determine whether an equalizing payment is appropriate. See Neiditch v. Neiditch, 187 So. 3d 374, 376 (Fla. 5th DCA 2016). We affirm as to the remaining issues raised by Former Husband, including the order awarding attorney's fees to Former Wife.

AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.

PALMER and EISNAUGLE, JJ., concur.

---

[4] However, the relatively small amount resulting from the unequal distribution is not sufficient to merit reconsideration of the alimony award.