NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


DAVID L. DOOD,                          )
                                        )
          Appellant,                    )
                                        )
v.                                      )
                                        )    Case No.  2D18-1046
LORI L. DOOD,                           )
                                        )
          Appellee.                     )
_____ )

Opinion filed April 12, 2019.

Appeal from the Circuit Court for
Hillsborough County; Rex Barbas, Judge.

Anthony M. Candela of Candela Law,
P.A., Riverview, for Appellant.

Bradley G. Johnson of Bradley G.
Johnson, P.A., Milton, for Appellee.


PER CURIAM.

          David Dood, the former husband, appeals the final judgment dissolving his

marriage to Lori Dood, the former wife.  He challenges the alimony, child support, and

attorney fee award on appeal.  Because he has not provided this court with a transcript,

we are precluded from reviewing the sufficiency of the evidence to support the alimony

and child support awards or the former wife's entitlement to attorney fees.  See Esaw v.

Esaw, 965 So. 2d 1261, 1264–65 (Fla. 2d DCA 2007) (explaining that a failure to

provide a transcript or an adequate substitute is "usually fatal" to the appellant's claim that the trial court failed to make adequate findings under section 61.08); see also Frezza v. Frezza, 216 So. 3d 758, 760 (Fla. 2d DCA 2017) ("While an award of attorney's fees in a dissolution proceeding pursuant to section 61.16 and Rosen [v. Rosen, 696 So. 2d 697 (Fla. 1997)] requires specific findings of fact to support the trial court's entitlement determination, such findings may be made in the written final judgment *or* at the hearing.  In the absence of a hearing transcript, we cannot say that the trial court erred in this regard." (citations omitted)).

However, we reverse the portion of the final judgment awarding attorney fees because the trial court did not include any findings justifying the amount of the award.  See Macarty v. Macarty, 29 So. 3d 434, 435 (Fla. 2d DCA 2010) ("[A]n award of attorney's fees without adequate findings justifying the amount of the award is reversible even where the appellant has provided an inadequate record of the trial court proceedings." (alteration in original) (emphasis added) (quoting Esaw, 965 So. 2d at 1265)); see also Ivanovich v. Valladarez, 190 So. 3d 1144, 1148 (Fla. 2d DCA 2016) ("The lack of findings supporting the award of attorney's fees is reversible error despite the [appellant's] failure to provide an adequate record of the hearing."); R.M.F. v. D.C., 55 So. 3d 684 (Fla. 2d DCA 2011) (same).  Accordingly, we remand for the trial court to make the necessary findings required under Florida Patient's Compensation Fund v. Rowe, 472 So. 2d 1145, 1151 (Fla. 1985).

Affirmed in part, reversed in part, and remanded with instructions.

SLEET, ROTHSTEIN-YOUAKIM, and ATKINSON, JJ., Concur.