IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

JADE EVA MERRIMAN,

       Appellant,

v.

       Case No.  5D21-2372
       LT Case No. 2018-DR-000147

BRAIAN URIEL ADLER,

       Appellee.

_____/

Opinion filed May 13, 2022

Appeal from the Circuit Court
for Flagler County,
Christopher France, Judge.

Michael L. Duncan, of
Duncan Trial & Mediation,
Jacksonville, for Appellant.

Stacy Geiger and Andrea
Burns, of Geiger Law, PLLC,
Palm Coast, for Appellee.


WOZNIAK, J.

     Jade Eva Merriman ("Former Wife") appeals the Amended Order on

Former Husband's Motion for Civil Contempt and to Enforce Order on

Dissolution of Marriage in which the trial court resolved a number of issues

and awarded Braian Uriel Adler ("Former Husband") $1,500 in attorney's fees. Former Husband's motion stemmed from Former Wife's failure to refinance the marital home within the twenty-four months required by the parties' marital settlement agreement and to make the payments on, refinance, or sell the Honda Pilot, as agreed, resulting in its repossession. Of the arguments Former Wife raises on appeal, we find merit in only her contention that the trial court erred in awarding attorney's fees to Former Husband without the requisite findings of fact to support the amount of the award.

While this Court's review of the propriety of the trial court's finding of entitlement to fees is precluded by the lack of a transcript of the fee hearing,[1] the absence of findings in the order to support the amount of fees awarded is error on the face of the order that may be addressed on appeal, even absent a transcript. See Duke v. Duke, 211 So. 3d 1078 (Fla. 5th DCA 2017) ("The trial court's failure to set forth specific findings about the hourly rate and number of hours is error apparent from the face of the final judgment."

---

[1] See, e.g., Dood v. Dood, 268 So. 3d 254 (Fla. 2d DCA 2019) (holding absence of transcript precluded appellate review of sufficiency of evidence supporting entitlement to fees); Frezza v. Frezza, 216 So. 3d 758, 760 (Fla. 2d DCA 2017) (observing that specific findings of fact to support fee award can be made either in written final judgment or at hearing and thus absence of transcript prevented appellate court from determining trial court had erred in its entitlement determination).

(citation omitted)); <u>Macarty v. Macarty</u>, 29 So. 3d 434, 435 (Fla. 2d DCA 2010) ("[A]n award of attorney's fees without adequate findings justifying the amount of the award is reversible even where the appellant has provided an inadequate record of the trial court proceedings." (quoting <u>Esaw v. Esaw</u>, 965 So. 2d 1261, 1265 (Fla. 2d DCA 2007))); <u>Hoffay v. Hoffay</u>, 555 So. 2d 1309, 1310 (Fla. 1st DCA 1990) ("The presence of competent substantial evidence to support the award does not obviate the need for such specific findings."). Because the order fails to include factual findings supporting the amount of attorney's fees awarded, we reverse the award of attorney's fees and remand to the trial court to make and set forth specific findings regarding the reasonable hourly rate and the number of hours reasonably expended in counsel's representation of Former Husband. <u>See</u> <u>Gilliland v. Gilliland</u>, 266 So. 3d 866, 869 (Fla. 5th DCA 2019) (citations omitted). The remainder of the order is affirmed.

AFFIRMED in part; REVERSED in part; REMANDED with instructions.

EDWARDS, J., concurs.
SASSO, J., concurs and concurs specially, with opinion.

3

SASSO, J., specially concurring.

I concur in this court's opinion reversing because I cannot meaningfully distinguish this case from *Duke v. Duke*, 211 So. 3d 1078 (Fla. 5th DCA 2017). However, writing on a clean slate, I would conclude that the trial court's failure to include written findings in its order supporting the amount of fees is not reversible error because Appellant has failed to provide a transcript of the hearing or an acceptable substitute.

Typically, we would conduct a harmless error analysis in determining whether the failure to make written findings is reversible error. *See, e.g.*, *Klette v. Klette*, 785 So. 2d 562, 563 (Fla. 1st DCA 2001) (applying harmless error to trial court's failure to make findings in support of alimony award); *Vaughn v. Vaughn,* 714 So. 2d 632, 633–34 (Fla. 1st DCA 1998) (applying a harmless error analysis to trial court's failure to make findings in support of unequal division of marital assets). Here, though, we are unable to do so due to the lack of transcript, so we would affirm. *See, e.g.*, *Nunes v. Nunes*, 112 So. 3d 696, 700–01 (Fla. 4th DCA 2013) (observing that appellate courts will not assume trial court error due to the lack of a transcript; the trial court may have orally pronounced its findings); *Lewis v. Lewis*, 807 So. 2d 777, 778 (Fla. 1st DCA 2002) (court was precluded from applying harmless error

analysis to award of permanent periodic alimony, where neither transcript of final hearing nor statement of proceedings was provided to the court and there were no inconsistencies in final judgment).

But this court's *Duke* opinion requires a different result.[2] In *Duke*, our court characterized the failure to make written findings as to attorneys' fees "error apparent from the face of the final judgment" that requires reversal even when an appellant provided an inadequate record of trial court proceedings. *Duke*, 211 So. 3d at 1082. In *Harris v. McKinney*, 20 So. 3d 400 (Fla. 2d DCA 2009), Judge Davis specially concurred, explaining that the rule our court perpetuated in *Duke* sprouted with the idea that the failure to make express written findings in an attorneys' fee award is fundamental error. As Judge Davis stated:

> The seminal case on this issue is *Giltex Corp. v. Diehl*, 583 So. 2d 734 (Fla. 1st DCA 1991). In that case, the trial court made an award of attorney's fees pursuant to *Rowe*, 472 So. 2d 1145. However, the trial court failed to include in its order specific findings as to the reasonable number of hours expended and the reasonableness of the hourly rate charged. Additionally, the appellant failed to provide the appellate court with a transcript of the trial court proceedings. The First District reversed the fee

---

[2] *Weiand v. State*, 732 So. 2d 1044, 1047 (Fla. 1999) (stating that a district court of appeal does not have the authority to overrule a decision of the Florida Supreme Court); *In re Rule 9.331, Determination of Causes by a District Court of Appeal En Banc, Fla. Rules of Appellate Procedure*, 416 So. 2d 1127, 1128 (Fla. 1982) (noting a three-judge panel of a district court should not overrule or recede from a prior panel's ruling on an identical point of the law).

award, concluding that "[w]hile the lack of a transcript or stipulated statement might otherwise require affirmance, this rule is not applicable in this case because the trial court's order is fundamentally erroneous on its face for failure to make the express findings required by *Rowe.*" 583 So. 2d at 735.

As support for this conclusion, the First District cited *Southeast Bank, N.A. v. David A. Steves, P.A.*, 552 So. 2d 292, 293 (Fla. 2d DCA 1989), in which this court quoted from *In re Guardianship of Read*, 555 So. 2d 869, 871 (Fla. 2d DCA 1989), as follows: "'Where there is no record of the testimony of witnesses or of evidentiary rulings and where a statement of the record has not been prepared, a judgment which is not fundamentally erroneous on its face must be affirmed.'" However, neither *Guardianship of Read* nor *Southeast Bank* defines the term "fundamentally erroneous on its face." The *Giltex* court nevertheless concluded-without explanation or citation to authority-that the order under review there was "fundamentally erroneous on its face for failure to make the express findings required by *Rowe.*" *Giltex Corp.*, 583 So. 2d at 735.

*Harris*, 20 So. 3d at 406 (Davis, J., concurring). Judge Davis questioned whether the evolution of this distinction was the intended result of *Rowe*, especially where *Rowe* requires the trial court to make findings but does not specify those findings must be in writing. *Id.*

In my view, there is nothing about the language in *Rowe* that requires the rule our court adopted in *Duke*. And other than *Duke*, Appellant has presented no other reason to suggest the omission of express written findings in the context of attorneys' fees constitutes fundamental error. So, in the absence of *Duke*, I would conclude the error here is subject to the harmless error test—a test we cannot conduct in the absence of a transcript.

6

As a result, I would affirm. *See Esaw v. Esaw,* 965 So. 2d 1261, 1264 (Fla. 2d DCA 2007) ("The most salient impediment to meaningful review of the trial court's decision is not the absence of findings, but the absence of a transcript.").