# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2024-1384
LT Case No. 2021-DR-16984

_____

MARK EBERHART,

    Appellant,

    v.

NESIA EBERHART,

    Appellee.

_____

On appeal from the Circuit Court for Brevard County.
Jigisa Bhikhubhai Dookhoo, Judge.

Brian P. North, of Kenny Leigh & Associates, Huntersville, North Carolina, for Appellant.

Elizabeth Siano Harris, of Harris Appellate Law Office, Mims, for Appellee.

March 28, 2025

MacIVER, J.

Mark Eberhart ("Former Husband") appeals the Final Judgment of Dissolution of Marriage (the "Final Judgment") rendered by the trial court after trial that terminated his marriage to Nesia Eberhart ("Former Wife"). We find that only one of the issues raised by Former Husband—the trial court's miscalculation

of the parties' incomes—is meritorious and requires reversal. The Final Judgment is otherwise affirmed without further discussion.

Former Husband claims that the trial court's findings on incomes for alimony and child support awards are inconsistent and contradicted by the record evidence, as the trial court erroneously used the parties' gross incomes when calculating those awards. No trial transcript or stipulated statement of facts was provided in the appellate record, so this Court is limited to a review of error that is clear on the face of the Final Judgment. *Fortune v. Pantin*, 851 So. 2d 274 (Fla. 5th DCA 2003); *see also Duke v. Duke*, 211 So. 3d 1078 (Fla. 5th DCA 2017) (while appellate courts typically will not reverse a dissolution of marriage order based on the sufficiency of required factual findings when there is no transcript or proper substitute in the record, if the trial court's error is clear on the face of the order or judgment, the appellate court can reverse).

It is well-established Florida law that both child support and spousal support calculations should be based on net monthly income, not gross monthly income.

For child support, section 61.30, Florida Statutes (2023), outlines the process for determining each parent's net monthly income by first calculating the gross monthly income and then subtracting specified deductions, such as federal, state, and local income taxes. *Dunson v. Dunson*, 369 So. 3d 1188, 1190 (Fla. 5th DCA 2023) (citing *King v. King*, 320 So. 3d 766 (Fla. 4th DCA 2021)). "Gross income shall include . . . [s]pousal support received from a previous marriage or court ordered in the marriage before the court." § 61.30(2)(a)9., Fla. Stat. "Net income is obtained by subtracting allowable deductions from gross income . . . [which] include[s]: [s]pousal support paid pursuant to a court order from a previous marriage or the marriage before the court." *Id.* § 61.30(3)(g), Fla. Stat. The parties' net income is then used to determine the child support obligations. *See Smith v. Chevillet,* 50 Fla. L. Weekly D159, D160 (Fla. 4th DCA Jan. 8, 2025).

Similarly, for spousal support or alimony, courts are required to base their calculations on net income rather than gross income. This is because the net income reflects the actual income available to the party after necessary deductions. *Parker v. Parker*, 378 So.

3d 681, 682 (2024). Using gross income instead of net income for these calculations is considered reversible error. *Dunson*, 369 So. 3d at 1190; *Parker*, 378 So. 3d at 682.

In the instant case, there are inconsistencies and errors clear on the face of the Final Judgment. First, in section IV, paragraph 3, the trial court found Former Wife's net income was $5,094.81 per month. But in the same section in paragraphs 7(d) and (i), and in section V, paragraph 1(b), the trial court thrice found the Former Wife's net income was $6,970.00 per month. According to Former Wife's paystub entered into evidence at trial, her annual pay rate was $83,640.00, which equals a *gross* monthly income of $6,970.00.

The record evidence further shows Former Husband's current employment income of a gross annual salary of $85,591.00, which equals $7,132.58 per month. Former Husband's Retiree Account Statement shows a gross retirement benefit of $2,462.39 per month after removal of the $1,187.61 former spouse deduction, which is paid directly to the previous former wife. Finally, the trial court found that Former Husband received $554 per month in non-taxable VA benefits. Former Husband's total monthly gross income is $10,148.97.

But on the face of the Final Judgment, in Section IV paragraphs 7(d) and (i) and in Section V 1(a), and in the attached Child Support Guidelines Worksheet, the trial court thrice found Former Husband's *net* monthly income was $10,347.00. In a separate Child Support Guidelines worksheet used for retroactive child support calculations, the trial court found Former Husband's *gross* monthly income was $10,347.00.

No other financial documents were put in evidence regarding Former Husband's 2023 or current income. Thus, if the actual documents in evidence show that his *gross* income is $10,148.97 per month, then the trial court's finding that his *net* income is $10,347.00 per month "according to the financial documents in evidence" is reversible error.

It is clear from the record that the trial court utilized the parties' gross incomes in calculating Former Husband's support

obligations. The trial court noted that "[t]he Court did not consider the Former Husband's prior divorce decree, specifically spousal support in its' [sic] calculations." The trial court also failed to include the $448.70 per month alimony Former Husband was ordered to pay to Former Wife beginning January 1, 2024, in calculating the parties' income for child support purposes. Both spousal support obligations must be considered in calculating the parties' net incomes.

Accordingly, even though no trial transcript was provided to this Court, there is error on the face of the Final Judgment warranting reversal for recalculation. We therefore affirm the Final Judgment in part and reverse in part with instructions for the trial court to recalculate the Former Husband's alimony and child support obligations utilizing the parties' net incomes on remand.

Recalculation of Former Husband's support obligations may affect other calculations and findings in the Final Judgment that were not specifically addressed in this opinion. Notwithstanding our affirmance of those issues without comment, the trial court is not precluded from reconsidering and amending its previous findings on those matters, if the modifications it makes on remand will require additional modifications to give equity to the parties.

AFFIRMED in part, REVERSED in part, and REMANDED with instructions.

LAMBERT and JAY, JJ., concur.

———————————————

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

———————————————

4