# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

Case No. 5D2023-0453
LT Case No. 2021-DR-4398

———————————————

CANDICE GREATWOOD
WOODLIEF,

    Appellant/Cross-Appellee,

    v.

MITCHEL EDWARD WOODLIEF,
THE GROTTO, INC., WOODLIEF &
RUSH, P.A., et al.,

    Appellees/Cross-Appellants.

———————————————

On appeal from the Circuit Court for Duval County.
Mary Suzanne Bass, Judge.

William S. Graessle, of William S. Graessle, P.A., Jacksonville,
for Appellant/Cross-Appellee.

Michael J. Korn, of Korn & Zehmer, P.A., Jacksonville, for
Appellees/Cross-Appellants.

July 11, 2025

PER CURIAM.

    Candice Woodlief ("Former Wife") appeals, and Mitchel
Woodlief ("Former Husband") cross-appeals, from the trial court's
order granting dissolution of marriage. As to Former Wife's issues

on appeal, we affirm without discussion. As to Former Husband's issues, only two merit discussion: whether the trial court erred in awarding Former Wife durational alimony and whether the trial court erred in ordering Former Husband to maintain life insurance to secure the alimony award. For the following reasons, as to both of those issues, we reverse and remand for further proceedings.

## I.

In its final judgment, the trial court found that Former Wife had no need for permanent alimony but awarded her $500 a month in durational alimony until Former Wife, who was 65 at the time, turned 70. The court awarded durational alimony because it found that Former Wife was "very anxious and uncertain about her future." The court also determined that Former Husband had the ability to pay. It then ordered him to maintain his existing life insurance policy of $100,000 in favor of Former Wife to secure the award, noting that "sufficient circumstances exist to justify [Former] Husband maintaining the coverage for [Former] Wife's benefit."

## II.

Former Husband attacks the durational alimony award, arguing that the trial court failed to find that Former Wife had a need for such support.

We generally review a trial court's alimony decisions for an abuse of discretion. *Saario v. Tiller*, 333 So. 3d 315, 320 (Fla. 5th DCA 2022). But when a trial court "fails to apply the correct legal rule . . . the action is erroneous as a matter of law." *Kennedy v. Kennedy*, 622 So. 2d 1033, 1034 (Fla. 5th DCA 1993) (quoting *Canakaris v. Canakaris*, 382 So. 2d 1197, 1202 (Fla. 1980)).

A trial court, as a prerequisite to any alimony award, must first find that the requesting spouse has an actual need for alimony. *See* § 61.08(2), Fla. Stat. (2021); *Kruse v. Levesque*, 192 So. 3d 1263, 1266 (Fla. 2d DCA 2016). The court below decided to award Former Wife durational alimony because she was anxious and uncertain about her future. However, it failed to find that Former Wife had an actual need for temporary support. Because

2

the court failed to support its durational alimony award with a necessary finding, we reverse the award. We remand to provide the court with an opportunity to either strike the award or enter a finding that Former Wife has a need for temporary support.

### III.

Former Husband also challenges the trial court's order that he maintain a life insurance policy to secure the alimony award. He argues that the court failed to specify the special circumstances warranting the order and that the insurance policy's amount does not reasonably relate to the total amount of the alimony award.

"We review a trial court's order requiring that a party maintain life insurance for abuse of discretion." *Kincaid v. Kincaid*, 397 So. 3d 1169, 1178 (Fla. 5th DCA 2024).

"To the extent necessary to protect an award of alimony, the court may order any party who is ordered to pay alimony to purchase or maintain a life insurance policy . . . ." § 61.08(3), Fla. Stat. "To require a party paying alimony to maintain life insurance, the trial court must make findings regarding the availability and cost of insurance, ability to pay for the insurance, and special circumstances warranting the requirement of life insurance." *Jocelyn v. Jocelyn*, 392 So. 3d 169, 171 (Fla. 5th DCA 2024). "A trial court's failure to make these findings is reversible error." *Kvinta v. Kvinta*, 277 So. 3d 1070, 1074 (Fla. 5th DCA 2019). Special circumstances exist when the death of the paying spouse would leave the receiving spouse in dire financial straits, the paying spouse is in poor health, the receiving spouse has a limited earning capacity, or the paying spouse is in arrears on support obligations. *Alpha v. Alpha*, 885 So. 2d 1023, 1034 (Fla. 5th DCA 2004).

Here, the trial court asserted that sufficient circumstances existed to justify the requirement that Former Husband maintain his life insurance policy in favor of Former Wife. But it made no findings of fact to support this assertion. It did not find that Former Husband's death would leave Former Wife in dire financial straits, Former Husband was in poor health, Former Wife had a limited earning capacity, or Former Husband was in arrears on

3

support obligations. The failure to make any such findings is reversible error.

Additionally, "the amount of insurance must be related to the extent of the obligation being secured." *Foster v. Foster*, 83 So. 3d 747, 748–49 (Fla. 5th DCA 2011). A trial court therefore errs if it orders a former spouse to purchase or maintain a life insurance policy that exceeds the support obligation. *Id.* at 749.

The amount of Former Husband's insurance policy does not relate to the current alimony award. The court ordered Former Husband to pay $500 a month for about 60 months, resulting in total support payments of roughly $30,000. The $100,000 life insurance policy greatly exceeds the alimony award and cannot stand. *See Beharry v. Drake*, 52 So. 3d 790, 792–93 (Fla. 5th DCA 2010) (finding a $100,000 life insurance policy was excessive to secure a $73,000 child support award).

We thus reverse the life insurance order and remand for the court to either strike the order or, if the court retains the alimony award, enter findings regarding special circumstances. The amount of any future life insurance policy must reasonably relate to the total alimony award.

## IV.

In sum, we reverse the portions of the trial court's order that award Former Wife durational alimony and require Former Husband to maintain a life insurance policy to secure that award. We remand to provide the lower court an opportunity to find that Former Wife has a need for durational alimony. We also remand for reconsideration of the insurance order. If the court again awards alimony, it must enter findings of fact regarding the special circumstances that justify ordering Former Husband to maintain a life insurance policy, and it must require an insurance amount commensurate with the total alimony award.

AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings.

WALLIS and PRATT, JJ., concur.

4

KILBANE, J., concurs in result only.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____