# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2024-2990
LT Case No. 05-2022-CC-27213

_____

DAVID PLATT,

    Appellant,

    v.

CAPE MARINE SERVICES, INC.,
d/b/a Cape Marina,

    Appellee.

_____

On appeal from the County Court for Brevard County.
Kenneth Friedland, Judge.

Serena Kurtz, of Kubicki Draper, Tampa, for Appellant.

Eric L. Hostetler and Scott D. Widerman, of Widerman Malek,
PL, Melbourne, for Appellee.

October 24, 2025

LAMBERT, J.

David Platt timely appeals the final judgment rendered against him by the trial court that awarded attorney's fees to the appellee in the sum of $31,581.42. Platt's primary argument here is that the final judgment must be reversed because it lacks the factual findings required under *Florida Patient's Compensation Fund v. Rowe*, 472 So. 2d 1145, 1151 (Fla. 1985).

Appellee answers that because Platt did not file a motion for rehearing under Florida Rule of Civil Procedure 1.530 challenging the alleged lack of factual findings in the final judgment, he has failed to preserve this claim for appellate review. For the following reasons, we affirm.

## I.

In *Rowe*, the Florida Supreme Court held that in awarding a reasonable attorney's fee, a trial court must first determine the number of hours reasonably expended, which is then multiplied by a reasonable hourly rate, to produce what it described as a lodestar figure. 472 So. 2d at 1151. Thereafter, upon consideration of additional factors such as the "contingency risk" and the "results obtained," a trial court may add or subtract from the lodestar amount in determining the amount of the award. *Id.*

Pertinent to the instant appeal, the supreme court also held that "[i]n determining the hourly rate, the number of hours reasonably expended, and the appropriateness of the reduction or enhancement factors, the trial court must set forth specific findings," as this would allow the parties to have "an opportunity for meaningful appellate review." *Id.* at 1151–52.

## II.

The written final judgment on appeal awarding attorney's fees to Appellee contains no express factual findings under *Rowe* as to the number of hours reasonably expended or a reasonably hourly rate. Citing to our sister court's decision in *T.G.G. v. P.M.L.*, 661 So. 2d 351 (Fla. 1st DCA 1995), Platt argues that this failure requires reversal and remand. And while not mentioned by either party, our court has similarly reversed and remanded final judgments and final orders awarding attorney's fees that, on their face, did not contain *Rowe* factual findings. *See Dunson v. Dunson*, 369 So. 3d 1188, 1189–90 (Fla. 5th DCA 2023); *Merriman v. Adler*, 338 So. 3d 1084, 1085–86 (Fla. 5th DCA 2022); *Gilliland v. Gilliland*, 266 So. 3d 866, 869–70 (Fla. 5th DCA 2019); and *Duke v. Duke*, 211 So. 3d 1078, 1081–82 (Fla. 5th DCA 2017).

## III.

Effective October 19, 2023, the Florida Supreme Court amended Florida Rule of Civil Procedure 1.530(a) to provide, in pertinent part, that "[t]o preserve for appeal a challenge to the failure of the trial court to make required findings of fact in the final judgment, a party must raise that issue in a motion for rehearing under this rule." *In re Amends. to Fla. Rule of Civ. Proc. 1.530 & Fla. Fam. L. Rule of Proc. 12.530*, 373 So. 3d 1115, 1116 (Fla. 2023). Appellee cites *Jones v. Bank of America, N.A.*, 401 So. 3d 334 (Fla. 4th DCA 2024), and argues that because Platt did not file a motion for rehearing under this rule affirmance is appropriate.

In *Jones*, the appellant challenged a final judgment awarding attorney's fees against him that lacked the factual findings required under *Rowe*. *Id.* at 335. Much like the present case, the appellant had not moved for rehearing, nor did the record contain a transcript of the attorney's fees hearing or a suitable substitute under Florida Rule of Appellate Procedure 9.200(b)(5). *Id.* at 335–36.

The Fourth District first noted its own precedent where it had previously reversed final judgments that on their face lacked the *Rowe* factual findings. *Id.* Nevertheless, it concluded that the *Rowe* findings required in attorney's fees final judgments are "findings of fact" within the meaning of the 2023 amendment to Rule 1.530(a) and that, resultingly, its earlier precedents had been superseded by this rule amendment. *Id.* at 336. The Fourth District affirmed the final judgment, holding that because the appellant had not moved for rehearing to bring to the trial court's attention the lack of *Rowe* findings in the final judgment, the issue was not preserved for review. *Id.* at 337.

We agree with our sister court. We hold that *Rowe's* required factual findings in attorney's fees final judgments are "findings of fact" under Rule 1.530 and determine that our opinions in *Dunson*, *Merriman*, *Gilliland*, and *Duke*, which all predate the 2023 amendment to Rule 1.530(a), have now been superseded by this

3

amendment. As Platt did not file a motion for rehearing challenging the final judgment's lack of *Rowe* factual findings, he did not preserve this claim or argument for appellate review.[1]

AFFIRMED.

WALLIS and EDWARDS, JJ., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

---

[1] Platt raises a separate argument that the trial court also erred when it awarded an expert witness fee for Appellee's expert who testified at the hearing. We affirm on this claim without further discussion.