GROSS, Judge.
The parties’ marriage was dissolved by a final judgment entered on December 13, 1995. The judgment required the former husband to pay child support of $2,000 per month and alimony of $2,500 per month for 48 months and $1,000 per month thereafter.
On June 3, 1996, the former husband filed a petition for modification of alimony and child support. In the petition, he alleged that his “businesses ... are now running at a deficit with little to no capital reserve.” He claimed that he was current through May, 1996 on the alimony and child support payments, but that he was “only ... able to accomplish this by totally draining the businesses to the point where the businesses are on the verge of bankruptcy.”
Trial on the petition for modification took place in July, 1997, over one year after the petition had been filed. Shortly before trial, the former husband filed bankruptcy. The trial court found that the former husband had income of $110,000 in 1994 and almost $100,000 in both 1995 and 1996. The trial court denied the petition, finding that there had been no sufficient change in the circumstances of the former husband’s income through the date of the petition for modification. The judge believed himself to be bound by the filing date of the petition to look at nothing beyond that time in deciding the case. The court observed that
[wjhile the Former Husband’s circumstances may have changed from the date that he filed his Petition for Modification, until the time that the trial occurred in July of 1997, which was approximately 13 months later, the Former Husband never amended his Petition for Modification or in any manner did anything to reflect that he was basing his Petition for Modification on a change of circumstances “as it existed” at the time of trial.
Noting that its ruling was a “harsh response” to the petition, the trial court reiterated its belief that the only change of circumstance that was pled was “the condition of the Former Husband as of June, 1996.”
The pleading function of a petition for modification is to reasonably inform the other side of what is to be established in support of the petition, so that the opponent has a fair opportunity to defend and prepare a case. See Frankel v. Ellerin, 684 So.2d 333, 334 (Fla. 4th DCA 1996). The June, 1996 pleading identified the deterioration of the former husband’s business as the basis for a reduction in alimony and child support. This was an ongoing condition which was sufficiently raised in the pleadings. At the end of the year, the former wife sought discovery of the former husband’s financial picture throughout 1996, not just through the July filing date. Had the former husband’s financial picture improved by the time of trial, the court could have taken that fact into consideration in deciding whether to grant any modification. In this case, the pleadings were sufficient to allow the trial court to have utilized the former husband’s financial situation on the date of trial in ruling on the petition. We acknowledged in Smith v. Smith, 458 So.2d 318, 319 (Fla. 4th DCA 1984), that the financial circumstances of the parties at the time of a final hearing could be examined in deciding whether modification of an alimony award was appropriate.
We reverse the August 27, 1997 order denying modification and remand this case to the trial court for reconsideration, taking into account the history of the former husband’s financial situation through the time of any new hearing. We also reverse the award of attorney’s fees, for reconsideration under Rosen v. Rosen, 696 So.2d 697 (Fla.1997), after *1245 the court rules on the former husband’s petition for modification.
STONE, C.J, and FARMER, J., concur.