STONE, J.
Clark appeals the final judgment on the petition to modify custody which gave primary custody to the former husband. We affirm, addressing only the issue of the child support award.
In the final judgment, the trial court modified the child support award declaring that “[t]he Father and Mother will be responsible 50/50 for all reasonable and necessary medical, dental, optical, orthodontic and prescription expenses not covered by any insurances.” Clark argues that this award was improper because such relief was not requested by the former husband in the pleading. We disagree.
It is settled that a trial court cannot modify a child support obligation absent a pleading or motion requesting such modification. Torres v. Torres, 739 So.2d 599, 600 (Fla. 2d DCA 1997) The former husband’s petition for modification sought primary residential responsibility, abatement of his child support obligation, and a requirement “that both parties should pay child support in accordance with the Florida Child Support Guidelines”. This pleading was sufficient to put Clark on notice. See Schwartz v. Schwartz, 712 So.2d 1243, 1244 (Fla. 4th DCA 1998)(holding that the pleading function of a petition for modification is to reasonably inform the other side of what is to be established in support of the petition, so that the opponent has a fair opportunity to defend and prepare a case).
Medical, dental, optical, orthodontic, and prescription expenses fall within the category of child support. Section 61.30(8), Florida Statutes, discusses the provision of non-covered medical, dental and prescription expenses as being part of the basic obligation unless “these expenses have been ordered to be separately paid on a percentage basis.” Thus, those expenses are contemplated as being child support under the guidelines. The cases relied on by the former wife are not applicable as in each of them, either no request was made for child support in the pleading or the basis for child support was not properly pled. See Cortina v. Cortina, 98 So.2d 334 (Fla.1957); Owens v. Eshelman, 712 So.2d 472 (Fla. 1st DCA 1998); Todaro v. Todaro, 704 So.2d 138 (Fla. 4th DCA 1997).
As to all other issues, finding no error or abuse of discretion, we affirm.
GROSS, J. and STERN, KENNETH, Associate Judge, concur.