PER CURIAM.
Appellant appeals a final administrative child support order, asserting several errors with regard to the lower tribunal’s child support calculations. We find merit in two of appellant’s issues, as to which the Department of Revenue concedes error, and reverse for correction of the final order. As to appellant’s remaining issues, we affirm, finding either no abuse of discretion or appellant’s arguments unpre-served.
The lower tribunal ordered the father to pay “0% of the child’s medical, vision, dental and prescription medication expenses not covered by insurance.” Section 61.80(8), Florida Statutes (2010), provides that “[hjealth insurance costs resulting from coverage ... and any noncovered medical, dental, and prescription medication expenses of the child, shall be added to the basic obligation unless these expenses have been ordered to be separately paid on a percentage basis.” See also Clark v. Clark, 837 So.2d 1120, 1121 (Fla. 4th DCA 2003). Accordingly, we reverse and remand for the lower tribunal to provide for an award of the child’s future uncovered medical expenses in accordance with the father’s percentage share of child support.
In addition, the Department of Revenue concedes that the total amount of retroac *463 tive child support awarded in the final support order is inconsistent with the lower tribunal’s oral pronouncement. At the hearing, the lower tribunal stated it was awarding $26,368.00 in retroactive support. Its order, however, reflects the total retroactive support amount as $23,368.00. As such, we remand for the lower tribunal to conform the final order to its oral pronouncement and to its other calculations as set forth in the order. See Brewer v. Brewer, 3 So.3d 432, 433 (Fla. 2d DCA 2009).

Affirmed in part, reversed in part, and remanded.

CIKLIN, GERBER and LEVINE, JJ„ concur.