PER CURIAM.
Appellant, Jeffrey Lance Butler, appeals a non-final order granting his petition for modification and argues in part that the trial court’s written judgment as to the parties’ timesharing schedule with their three minor children is inconsistent with the trial court’s oral pronouncement on this issue. We agree and reverse as to this issue.
The trial court clearly stated during the hearing addressing the petition that Appel-lee, Stephanie Hall, was to have the children every Wednesday night and every other weekend. However, in its written judgment, the trial court also gave Appel-lee an alternating Thursday night and found that Appellant would have fifty-eight percent of the overnights with the children throughout the year and that Appellee would have forty-two percent of the overnights. Reversal is required where a written judgment is inconsistent with a trial court’s oral pronouncement. See Judkins v. State, Dep’t of Revenue, 84 So.3d 462, 462-63 (Fla. 4th DCA 2012); Brewer v. Brewer, 3 So.3d 432, 433 (Fla. 2d DCA 2009); Gallardo v. Gallardo, 593 So.2d 522, 524 (Fla. 3d DCA 1991). We, therefore, reverse the written judgment as to the timesharing issue and remand with instructions that the trial court conform the judgment to its oral pronouncement as to this issue and correct the percentages for the parties’ overnights with the children. We find no merit in Appellant’s other arguments on appeal.
*993 AFFIRMED in part; REVERSED in part; and REMANDED with instructions.
LEWIS, C.J., BENTON and WETHERELL, JJ., concur.