PER CURIAM.
Valerie K. Fairchild (“Ms.Fairehild”) timely appeals a final judgment of dissolution, raising five issues. On cross-appeal,Patrick G. Fairchild (“Dr.Fairchild”) raises six issues. Relief is warranted as to four issues raised by Ms. Fairchild, and one issue raised by Dr. Fairchild.
First, the parties agree the trial court erred in its equitable distribution worksheet by crediting Dr. Fairchild with $144,000 in equitable distribution for his contributions toward the upkeep of a Cler-mont home during the pendency of the divorce. As Dr. Fairchild properly concedes, the correct credit should be $72,000 (one-half of the monies he expended in connection with upkeep of the Clermont property).
Second, we agree with Ms. Fairchild that she is also entitled to a credit for one-half of the $10,754.22 that she spent to maintain the Clermont property during the pendency of the divorce proceeding (a credit of $5,377.11).
Third, Ms. Fairchild is correct that she is entitled to half the 401(k) benefits forfeited to Dr. Fairchild from the accounts of three employees terminated from his medical practice prior to the date of the filing of the petition for dissolution. Ms. Fair-child’s half totals $8,425.54, plus or minus gains or losses attributable to these funds. Because Dr. Fairchild’s right to this money was vested when these employees were terminated, prior to the divorce filing, the funds should have been treated as marital funds. See § 61.075(6)(a)l.d., Fla. Stat. (2011) (defining marital assets to include “[a]ll vested and nonvested benefits, rights, and funds accrued during the marriage in retirement, pension, profit-sharing, annuity, deferred compensation, and insurance plans and programs”); § 61.076(1), Fla. Stat. (2011) (instructing that “[a]ll vested and nonvested benefits, rights, and funds accrued during the marriage in retirement, pension, profit-sharing, annuity, deferred compensation, and insurance plans and programs are marital assets subject to equitable distribution”).
Fourth, the parties agree that the final judgment should include the month, day and year that the reduction or elimination of child support will become effective, and that the trial court erred in ordering the parties to split the cost of their minor child’s uncovered medical expenses 50/50. As Dr. Fairchild properly concedes, these expenses should be split on a pro rata basis. See, e.g., Zinovoy v. Zinovoy, 50 So.3d 763, 764 (Fla. 2d DCA 2010) (recognizing that absent some logically established rationale in the final judgment to the contrary, collateral child support ex *538 penses must be allocated in the same percentage as the child support allocation); Edel v. Walker, 927 So.2d 989, 992 n. 1 (Fla. 5th DCA 2006) (noting that former husband should pay the son’s uncovered medical expenses in accordance with his percentage share of child support). Although not conceded by Dr. Fairchild, we also agree with Ms. Fairchild that she should not be required to pay any part of the child’s medical expenses that would be covered by insurance but for Dr. Fair-child’s unilateral decision to not submit the expenses for payment by the insurance carrier.
Finally, we agree with Dr. Fairchild that the trial court erred in failing to credit him with half of the marital funds that Ms. Fairchild used during the pendency of the dissolution to pay her attorney’s fees. The record reflects that although Dr. Fairchild paid his attorney’s fees from non-marital funds, Ms. Fairchild used a marital account to pay her attorney $114,000. If Ms. Fairchild is in need of assistance with her fees after the equitable distribution equalizing payment is made (as recalculated based upon our resolution of issues affecting that calculation on appeal), she may file a motion for fees pursuant to section 61.16, Florida Statutes.
We have carefully considered the other issues raised on appeal and cross-appeal, but affirm the trial court’s order in all other respects.
AFFIRMED IN PART; REVERSED IN PART; REMANDED FOR FURTHER PROCEEDINGS.
PALMER, ORFINGER and LAWSON, JJ., concur.