IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

PATRICIA MAGDZIAK,

        Appellant,

v.                                      Case No. 5D15-1219

JAMIE SULLIVAN,

        Appellee.

_____/

Opinion filed February 26, 2016

Appeal from the Circuit Court
for Hernando County,
Thomas R. Eineman, Judge.

Matthew Wayne Wilson and Christina
Anton Garcia, of Anton Castro Law, Tampa,
for Appellant.

James R. Jones, Jr., of James R. Jones,
Jr., P.A., Spring Hill, for Appellee.

COHEN, J.

      Patricia Magdziak appeals the trial court's final judgment granting Jamie

Sullivan's petition to modify a parenting plan established in an earlier final judgment of

paternity. Magdziak raises three issues on appeal, but on the limited record presented,

the only issue meriting discussion is the sufficiency of the parenting plan.[1]

---

[1] No transcript of either the trial or the hearing on the motion for a continuance was included in the record. We note that the trial court properly considered the statutory factors involved, and clearly set forth the factual findings upon which its judgment was based.

After trial, the court granted Sullivan's petition in an order that stated: "The Court believes that the parenting plan suggested by [Sullivan] is in the best interests of the minor child . . . ." Yet there is no parenting plan attached to the final judgment or adequately set forth in the judgment itself, nor is there a trial transcript detailing the final plan. Rather, the final judgment of modification "adopts [Sullivan]'s recommended parenting plan" without attaching it. The judgment outlines some provisions of the new parenting arrangement, addressing such issues as selection of the child's school and the permissible location of extracurricular activities, and it further states that non-conflicting provisions of the previous final judgment remain effective. The judgment also sets forth a new time-sharing arrangement, but does so in general terms.[2] Appellee concedes that the plan as established "might not be . . . artfully articulated," but he characterizes the omissions as a scrivener's error. We do not agree.

In outlining the requirements for a sufficient parenting plan, section 61.13(2)(b), Florida Statutes (2013), provides:

> A parenting plan approved by the court must, at a minimum, describe in adequate detail how the parents will share and be responsible for the daily tasks associated with the upbringing of the child; the time-sharing schedule arrangements that specify the time that the minor child will spend with each parent; a designation of who will be responsible for any and all forms of health care, school-related matters including the address to be used for school-boundary determination and registration, and other activities; and the methods and technologies that the parents will use to communicate with the child.

---

[2] For example, simply awarding the mother every other weekend does not specify when the weekend starts and stops, and the history of this case casts doubt on the parties' ability to work out the details for themselves. Other time-sharing provisions also lack specificity. It is in the best interests of the child, the parties, and the court to include such specifics to minimize future litigation.

As constituted, the parenting plan set out in the final judgment of modification fails to comply with the statutory requirements and is therefore legally insufficient. See Munroe v. Olibrice, 83 So. 3d 985, 987-88 (Fla. 4th DCA 2012). Accordingly, we reverse for the trial court to enter a more complete plan that complies with section 61.13(2)(b).

AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.

PALMER and WALLIS, JJ., concur.