IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CRAIG SAUCIER,

       Appellant/Cross-Appellee,

 v.                                     Case No. 5D15-4125

KELLY NOWAK,

       Appellee/Cross-Appellant.

_____/

Opinion filed October 10, 2016

Appeal from the Circuit Court
for Marion County,
Anthony M. Tatti, Judge.

Chadwick M. Layton, of Harvey Waddell &
Layton, Lake Worth, for Appellant/Cross-
Appellee.

Gregory E. Tucci, Ocala, for
Appellee/Cross-Appellant.


PER CURIAM.

      Craig Saucier appeals the trial court's final judgment awarding majority timesharing

of his child to the child's mother, Kelly Nowak. Saucier argues that the trial court erred

in: 1) failing to create a videoconferencing schedule in the written judgment; 2) failing to

impute the correct income to Nowak in calculating child support; 3) failing to address the

contested issue of which parent will make medical decisions for the child; and 4) awarding

majority timesharing to Nowak. On cross-appeal, Nowak argues that the trial court erred in awarding daily videoconferences between Saucier and the child and failing to assess child support arrears. We affirm the award of majority timesharing to Nowak without further discussion.

We find that the trial court did not abuse its discretion in awarding forty-five minutes per day of videoconferencing time to Saucier. The trial court made an oral pronouncement that Nowak needed to allow Saucier to video chat with the child daily. However, the trial court's written judgment contained no videoconferencing schedule. Reversal is required when a trial court's oral pronouncements conflict with its written judgment. Butler v. Hall, 118 So. 3d 992, 992 (Fla. 1st DCA 2013). Because of the discrepancy between the trial court's oral pronouncements and its written judgment, we remand this issue to the trial court with instructions to amend the final judgment and include a schedule for daily videoconferencing.

On the imputation of income issue, the trial court's oral pronouncements conflicted with the final judgment. The trial court noted at trial that it would impute income to Nowak that was higher than minimum wage, based on Nowak's testimony that she could work as a phlebotomist. In its final judgment, the trial court imputed income to Nowak based on full-time minimum wage employment. Florida trial courts may impute income to voluntarily unemployed parents when computing child support payments. See Owen v. Owen, 867 So. 2d 1222, 1223 (Fla. 5th DCA 2004). We remand to the trial court with instructions to amend the final judgment to reflect imputation of income to Nowak based on full-time employment as a phlebotomist. See Butler, 118 So. 3d at 992.

The trial court did not address the medical decisions issue in its final judgment. A trial court's failure to rule on the allotment of specific parental responsibilities is grounds for reversal. Kuharcik v. Kuharcik, 629 So. 2d 224, 225 (Fla. 4th DCA 1993). We remand to the trial court with instructions to amend the final judgment to provide that the parties are to have shared parental responsibility in making medical decisions for the child, unless the trial court includes in the amended final judgment reasons for diverging from shared parental responsibility for medical decisions.

On the child support arrears issue, we remand to the trial court with instructions to award child support to Nowak from the date of the filing of the petition to the date of the award of child support.

AFFIRMED in part; REVERSED in part; REMANDED.

SAWAYA, PALMER and EDWARDS, JJ., concur.