IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED


JOSHUA ADAM VILARDI,

       Appellant,

 v.                                    Case No.  5D16-3227

JENNIFER FAWN VILARDI,

       Appellee.

_____/

Opinion filed August 18, 2017

Appeal from the Circuit Court
for Hernando County,
Curtis J. Neal, Judge.

Kimberly Scarano, of Jeffrey P. Cario, P.A.,
Brooksville, for Appellant.

No Appearance for Appellee.


PER CURIAM.

      Joshua Adam Vilardi ("Former Husband") appeals the Final Judgment for

Dissolution of Marriage and the order denying his motion for rehearing and clarification of

the final judgment regarding his marriage to Jennifer Fawn Vilardi ("Former Wife").

Former Husband raises five issues, contending that the trial court erred in:  1) calculating

the alimony award; 2) awarding permanent alimony to Former Wife; 3) determining

Former Husband's net income for the purpose of awarding alimony; 4) calculating Former

Wife's child support obligation; and 5) ordering an unequal distribution of marital debt without making statutorily-required factual findings in support of the determination. We affirm as to the first four issues and reverse and remand as to the fifth.

In the final judgment, the trial court assigned a marital debt of $281,782 to Former Husband solely on the basis that Former Wife did not have the ability to pay the debt. However, a gap in spouses' earning abilities is an insufficient basis for unequal distribution of marital assets and liabilities. David v. David, 58 So. 3d 336, 338 (Fla. 5th DCA 2011) ("[D]isparate earning abilities cannot, without more, justify unequal distribution of marital assets and liabilities."); Dease v. Dease, 688 So. 2d 454, 455 (Fla. 5th DCA 1997) ("While disparate earning abilities may justify alimony (and the court awarded alimony), it does not, at least without more explanation, justify an unequal distribution of marital assets."); Hallman v. Hallman, 575 So. 2d 738, 739 (Fla. 5th DCA 1991) ("[T]he husband's superior earning ability . . . is not a factor for purposes of equitable distribution of assets.").

In determining equitable distribution of marital assets and liabilities, a trial court "must begin with the premise that the distribution should be equal, unless there is a justification for an unequal distribution based on all relevant factors." § 61.075(1), Fla. Stat. (2016). To justify unequal distribution, the trial court must include in the final judgment findings of fact supporting its determination. § 61.075(3), Fla. Stat. (2016). In this case, the trial court failed to include in the final judgment factual findings advising the parties of its rationale for the unequal allocation of marital liabilities or its consideration of the relevant factors other than Former Wife's inability to pay the marital debt. Accordingly, we reverse and remand for the trial court to make the necessary findings or to reconsider

the allocation of marital debt, which may also require reconsideration of the award of alimony and attorney's fees.

AFFIRMED in part; REVERSED in part; REMANDED.

SAWAYA, EVANDER and EISNAUGLE, JJ., concur.