IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

BRYANT WOELK,

      Appellant,

v.                                      Case No.  5D17-1717

VICKIE WOELK,

      Appellee.

_____/

Opinion filed August 31, 2018

Appeal from the Circuit Court
for Osceola County,
Diana Michelle Tennis, Judge.

Lauren M. Ilvento, of Ilvento Law, P.A.,
Orlando, for Appellant.

Marcia K. Lippincott, of Marcia K.
Lippincott, P.A., Lake Mary, for Appellee.


PER CURIAM.

Bryant Woelk (Husband) appeals the final judgment dissolving his moderate-term marriage to Vickie Woelk (Wife).  Husband takes issue with the trial court's rulings on alimony, child support and equitable distribution.[1]  Both parties agree that the final

---

[1] Although Husband disputes the trial court's findings that Wife has the need for Husband to pay a portion of her attorney's fees and that he has the ability to do so, this issue is not ripe for appeal.  See Brunsman v. Brunsman, 232 So. 3d 1175, 1178 (Fla. 5th DCA 2017) (declining to address entitlement to attorney's fees where there was no

judgment should be remanded to allow the trial court to equitably divide the debts listed in paragraph 11C of the joint stipulation, Wife's student loan debt, the Nemours debt, and the 2014 IRS debt. While we affirm the trial court's award of durational alimony for the length of the marriage, we are unable to review the amount awarded because it is unclear from the record and the final judgment which expenses were included or excluded in the trial court's finding that Wife's needs were approximately $1500 per month. See Dorworth v. Dorworth, 176 So. 3d 336, 339 (Fla. 5th DCA 2015) (reversing for further findings where trial court listed specific items of expense in final judgment when it determined wife's monthly needs to be "at least" $5758.30 in order to maintain her then-current standard of living, but it was not clear whether or why certain expenses were included or excluded in performing these calculations). This is especially true because the amounts listed in her financial affidavit conflict with some of her trial testimony. Accordingly, we remand for further findings of Wife's actual need. As a result, the trial court must also reassess the child support amount in the event there are any changes to the amount of alimony awarded. We affirm in all other respects.

AFFIRMED, in part; REVERSED, in part; and REMANDED with instructions.

BERGER, EDWARDS and EISNAUGLE, JJ., concur.

---

actual award or determination of amount of fees (citing Holmes v. Holmes, 100 So. 3d 745, 745–46 (Fla. 2d DCA 2012))).

2