IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

YVES BRUTUS,

     Appellant,

v.

DANISE BRUTUS GILES,

     Appellee.

Case No.  5D22-223
LT Case No. 2020-DR-1069

_____/

Opinion filed May 19, 2023

Appeal from the Circuit Court
for Lake County,
Brian Welke, Judge.

Kelly C. Johnson, of KJ Law, P.A.,
Tavares, for Appellant.

No Appearance for Appellee.

PER CURIAM.

     Appellant, Yves Brutus ("Former Husband"), appeals several aspects of

the final judgment of dissolution of marriage; namely, the equitable

distribution of the parties' marital assets and liabilities, the trial court's award

of alimony to Former Wife,[1] and the parenting plan created by the trial court. For the reasons set forth below, we affirm in part, reverse in part, and remand with instructions to the trial court.

Former Husband filed a petition for dissolution of marriage with dependent children on May 20, 2020. He claimed in his petition that there were no marital assets or liabilities. In her counterpetition, Former Wife sought alimony and a division of the parties' marital assets. Their case was tried on August 31, 2021, and the final judgment was entered on October 22, 2021.

The final judgment dissolved the marriage, ordered shared parental responsibility with equal timesharing, awarded Former Wife durational alimony of $100 per month for sixty months, and apparently divided the parties' debt in an unequal fashion. The final judgment awarded their home to Former Husband with the requirement that he pay Former Wife a specific amount within ninety days and, failing that, he must refinance or sell the house so that she would be paid.

In his motion for rehearing or clarification, Former Husband asserted that (1) there were no findings of fact to support the trial court's distribution

---

[1] Appellee, Danise Brutus Giles ("Former Wife"), has not filed an Answer Brief or participated in this appeal.

of marital assets and liabilities; (2) the trial court did not make specific findings of fact regarding Former Wife's need and Former Husband's ability to pay alimony; and (3) despite orally denying Former Wife's claim for alimony at trial, the trial court granted Former Wife durational alimony in the written final judgment. Former Wife filed a motion to correct clerical mistake and/or for rehearing. The trial court denied both motions; this timely appeal was filed by Former Husband.

## STANDARD OF REVIEW

The equitable distribution, award of alimony, and creation of a parenting plan in a final judgment of dissolution of marriage are all reviewed under an abuse of discretion standard of review. *Duke v. Duke*, 211 So. 3d 1078, 1080 (Fla. 5th DCA 2001). However, a trial court's discretion is limited by certain requirements of the law. *See Demoura v. Travelers Home & Marine Ins.*, 329 So. 3d 799, 800–01 (Fla. 5th DCA 2021).

### Distribution of Marital Assets & Liabilities

Under section 61.075(3), Florida Statutes (2020), when there is no stipulation by the parties, like the situation here, regarding the distribution of marital assets and liabilities, "any distribution of marital assets or marital liabilities shall be supported by factual findings in the judgment or order based on competent substantial evidence." Furthermore, for both equal and

unequal distributions of marital assets and liabilities, section 61.075(3) requires "specific written findings of fact" as to the following: (1) a clear identification of nonmarital assets and ownership interests; (2) an identification of marital assets, the individual evaluation of significant marital assets, and a designation of which spouse is entitled to each asset; (3) identification of marital liabilities and designation of which spouse gets each liability; and (4) any findings necessary to advise the parties or an appellate court as to how the trial court reached its distribution of assets. "Failure to comply with the requirements of section 61.075(3) is reversible error." *Packo v. Packo*, 120 So. 3d 232, 233 (Fla. 5th DCA 2013); *Morgan v. Morgan*, 327 So. 3d 898, 899 (Fla. 2d DCA 2021) (holding trial court erred when it failed to identify all of the parties' assets and classify them as either marital or nonmarital).

Marital Home

Former Husband asserts that the trial court erred in its distribution of their home without first designating it as marital and further that awarding it to him, as a general matter, should have eliminated any obligation for him to buy out Former Wife's interest by making an equalizing payment. Although the trial court's discussion of these points could have been more detailed, we find no abuse of discretion with the implicit designation of the home as

4

marital property in the final judgment and affirm as to that. *See Fiala v. Fiala*, 333 So. 3d 215, 220 (Fla. 4th DCA 2022) (applying harmless error analysis to deficiencies in trial court's equitable distribution (citing *Vaughn v. Vaughn*, 714 So. 2d 632, 634 (Fla. 1st DCA 1998))). However, as discussed below, the amount of any equalizing payment will have to be reconsidered on remand given several apparently erroneous distributions of marital liabilities solely to Former Husband.

As far as how the trial court arrived at the dollar amount for Former Wife's share of the marital home, we must remand for the trial court to provide a meaningful explanation. It would appear that any payments toward maintenance and taxes made by Former Husband after the parties' informal separation in April 2019 up to the date his petition was filed, May 2020, constitute marital expenses and appear to have been paid from marital assets. The trial court mistakenly relied upon the date of informal separation as a critical date for certain calculations. Section 61.075(7) provides the cut-off date for determining which liabilities are classified as marital or nonmarital liabilities, and the cut-off is "the earliest of the date the parties enter into a *valid separation agreement* . . . or the date of the filing of a petition for dissolution of marriage." (emphasis added). Since there was no separation

5

agreement to consider, the date of filing for Former Husband's petition controls.

Furthermore, it is not clear from the final judgment how the trial court treated mortgage, tax, and maintenance expense payments made post-filing regarding the house and how they were allocated to each spouse. As Former Husband suggests, a more detailed explanation may support reducing the amount required for the buy-out of Former Wife's share. We reverse and remand this aspect of the final judgment so that the trial court may set forth its findings regarding the marital home as required by law.

Student Debt

Former Husband asserts that the trial court erred in ruling that he was required to take on his entire student debt, despite the fact that it had been incurred during the marriage. "As a general proposition, student loan debt incurred during the marriage is a marital liability." *Rogers v. Rogers*, 12 So. 3d 288, 291 (Fla. 2d DCA 2009) (citing *Adams v. Cook*, 969 So. 2d 1185, 1187 (Fla. 5th DCA 2007)). "Thus, in the absence of specific findings supporting the unequal distribution of a student loan debt, such debt must be equitably distributed between the parties." *Id.* The trial court made no written findings of fact regarding the student loan debt here, and its oral pronouncements were inaccurate. Although the court stated that the student

6

loan debt had been incurred post-separation, in fact it had been incurred during the parties' marriage. What did occur post-separation was that Former Husband consolidated his various student loans into a single consolidated student loan without incurring any additional debt in the process. Accordingly, given the absence of an appropriate explanation or findings of fact, we reverse and remand for the trial court's reconsideration, preparation of findings, and proper distribution of that marital liability.

Loan Used to Pay Marital Expenses

Former Husband correctly argues that the trial court improperly distributed a marital liability solely to him, namely a series of loans totaling $60,029. Former Husband borrowed money from an individual over the course of several years, from 2014 through 2019. The stated purposes of the loans were to pay down the mortgage on the marital home and his student loans. None of the money was borrowed post-filing, and it appears that all loan proceeds were used for marital purposes. A trial court "must begin with the premise that the distribution should be equal," and in order to justify an unequal distribution, "the trial court must include in the final judgment findings of fact supporting its determination." *Vilardi v. Vilardi*, 225 So. 3d 395, 396 (Fla. 5th DCA 2017). We reverse as to this and remand for further consideration, the making of required findings regarding how to

7

allocate this marital liability, and reconsideration of the amount of any equalizing payment required from Former Husband.

Allocation of Remaining Assets and Liabilities

We likewise reverse and remand for the trial court to make findings as to all the parties' assets and debts as to which were marital and which were not, so that it can make appropriate and supported distributions of assets and liabilities to both former spouses. That has not been done in the current final judgment.

<u>Alimony</u>

Former Husband challenges the award of durational alimony payable by him to Former Wife. In its oral pronouncement, the trial court denied Former Wife's claim for alimony. Yet, in its written final judgment, the trial court ordered Former Husband to pay Former Wife durational alimony in the amount of $100 per month for sixty months. On appeal, Former Husband highlights this discrepancy and argues, correctly, when there is a conflict between an oral pronouncement and written judgment, the oral pronouncement prevails.

"Reversal is required when a trial court's oral pronouncements conflict with its written judgment." *Saucier v. Nowak*, 200 So. 3d 1298, 1299 (Fla. 5th DCA 2016). And since a "trial court's oral pronouncement must conform

8

to the written judgment," *Goosby v. Lawrence*, 711 So. 2d 577, 578 (Fla. 3d DCA 1998), we reverse and remand for the trial court to enter an amended final judgment that denies Former Wife's claim for alimony. *See also Saucier*, 200 So. 3d at 1299 (reversing and remanding for written judgment to conform with oral pronouncement).

<u>Parenting Plan</u>

Former Husband argues the parenting plan created by the trial court fails to satisfy section 61.13(2)(b), Florida Statutes (2020). In particular, he claims the parenting plan failed to describe in adequate detail how the parties would share in the daily tasks associated with the upbringing of the children; designate who would be responsible for health care, school-related matters, and extracurricular activities; and state the methods and technologies the parties would use to communicate with their children. Former Husband is correct.

Under section 61.13(2)(b), a parenting plan approved by the court must, at a minimum:

> 1. Describe in adequate detail how the parents will share and be responsible for the daily tasks associated with the upbringing of the child;
>
> 2. Include the time-sharing schedule arrangements that specify the time that the minor child will spend with each parent;

9

3. Designate who will be responsible for:

a. Any and all forms of health care. If the court orders shared parental responsibility over health care decisions, the parenting plan must provide that either parent may consent to mental health treatment for the child.

b. School-related matters, including the address to be used for school-boundary determination and registration.

c. Other activities; and

4. Describe in adequate detail the methods and technologies that the parents will use to communicate with the child.

"A trial court's failure to make these required factual findings is reversible error . . . ." *Duke v. Duke*, 211 So. 3d 1078, 1083 (Fla. 5th DCA 2017); *see also Magdziak v. Sullivan*, 185 So. 3d 1292, 1293 (Fla. 5th DCA 2016) (reversing parenting plan due to trial court only using general terms when creating the parenting plan).

Using section 61.13(2)(b) as a checklist shows the trial court here either failed to make certain findings or the findings it did make were only in general terms. The first required finding—a description in adequate detail of how the parents will share and be responsible for the daily tasks associated with the upbringing of the child—is only set forth in general terms. The trial court wrote the parties "shall have Shared Parental responsibility and shall confer and make decisions for the children unique to this family," which

appears to fall far short of section 61.13(2)(b)1.'s requirement of "adequate detail."

The second required finding—inclusion of a time-sharing schedule arrangement that specifies the time that the minor child will spend with each parent—is likewise set forth in general and unspecific terms. The trial court wrote, "[t]he parties shall alternate one week on/one week off. The exchange shall be on Mondays with the party beginning their timesharing pickup from school or bus stop," and "[r]egular timesharing shall remain during holiday periods, unless the parties agree otherwise." This, again, is general and undetailed. For example, if there is no school on a Monday or a child is sick and does not go to school that day, there is no indication of where the child is supposed to be picked up instead. Moreover, there is no indication for holiday periods when the exact start/stop time for one parent's timesharing begins or starts, since there would be no pickup time from school or a bus stop during a holiday period when there is no school. *See Magdziak*, 185 So. 3d at 1293 n.2 (faulting timesharing plan for not including definitive start and stop times).

As for the third required finding—designations of who is responsible for health care decisions, school-related matters, and other activities—there are no findings at all in the final judgment that address these matters.

11

Lastly, regarding the fourth required finding—the methods and technologies that the parents will use to communicate with the children—the trial court's final judgment appears to lack specificity.  While it does say the parties shall use the Talking Parents application for communications between the parties, it does not specify how the parties are to communicate with their children, unless "parties" is meant to also include the children, which seems unlikely.

Consequently, the parenting plan created by the trial court fails to comply with the statutory requirement of section 61.13(2)(b) and is therefore legally insufficient.  *See Magdziak*, 185 So. 3d at 1293.  Accordingly, we reverse and remand for the trial court to enter a more complete and adequately detailed parenting plan that complies with section 61.13(2)(b).  *See id.*

We affirm as to all other issues raised by Former Husband.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH INSTRUCTIONS.


WALLIS and EDWARDS, JJ., concur.
EISNAUGLE, J., concurring in part and dissenting in part, with opinion.

12

EISNAUGLE, J., concurring in part and dissenting in part.

Former Husband argues, *inter alia*, that the trial court erred in its distribution of credit card debt, the student loan debt, and a series of individual loans totaling $60,029. I agree with the majority as to these items. However, I conclude that the other issues raised on appeal are either unpreserved, inadequately briefed, or without merit. *See Sunset Harbour Condo. Ass'n v. Robbins*, 914 So. 2d 925, 928 (Fla. 2005) ("In order to be preserved for further review by a higher court, an issue must be presented to the lower court and the specific legal argument or ground to be argued on appeal or review must be part of that presentation if it is to be considered preserved." (citing *Tillman v. State*, 471 So. 2d 32, 35 (Fla. 1985))); *Transp. Eng'g, Inc. v. Cruz*, 152 So. 3d 37, 47 (Fla. 5th DCA 2014) ("[W]hen a decree of the trial court is brought . . . on appeal the duty rests upon the appealing party to make error clearly appear." (quoting *Lynn v. City of Fort Lauderdale*, 81 So. 2d 511, 513 (Fla. 1955))).