# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2022-2478
LT Case No. 2019-DR-000713-A

_____

TYLER FRAZIER,

> Appellant,

> v.

KATHERINE DODD,

> Appellee.

_____

On appeal from the Circuit Court for Lake County.
Brian J. Welke, Judge.

Edward E. Emrick, IV, of DeWitt Law Firm, P.A., Orlando,
for Appellant.

Katherine Dodd, Montverde, pro se.

March 21, 2025

PER CURIAM.

Tyler Frazier ("Husband") appeals the trial court's amended final judgment for dissolution of his marriage to Katherine Dodd ("Wife"). On appeal, Husband contests the equitable-distribution scheme, alimony award, and total-support burden that the trial court ordered. Because Husband demonstrates error in both the equitable-distribution scheme and alimony award, we reverse and remand for further proceedings. Remand of the alimony award

necessarily results in reconsideration of Husband's total-support burden, so we do not decide that issue.

## I.

Husband and Wife married in 2010. In January 2019, Husband filed for divorce. The parties resolved many issues by agreement during the litigation. In April 2022, the trial court held a bench trial to address unresolved issues, including the valuation and distribution of the marital home, the award of alimony, and Husband's failure to make court-ordered mortgage payments on the marital home.

Regarding the marital home, the trial court had to select valuation dates for the property and the mortgage, distribute any credits for repairs to the property, allocate credits for mortgage payments on the property, and decide whether to take any action in response to Husband's decision to stop making court-ordered mortgage payments 14 months after the order. An independent appraiser valued the marital home at $338,000 at the date of filing and $475,000 at the date of trial. Husband made the $1,825 monthly mortgage payments on the home from the date he filed for divorce until December 2020. After the separation, Wife paid about $5,850 toward maintenance and upkeep of the property.[1] At the time of trial, the principal on the mortgage was $267,203.56, and an additional arrearage balance of $28,131.44 accumulated after Husband stopped making mortgage payments.

The trial court assigned the date of filing as the valuation date for the marital home based on its finding that Wife's maintenance, repair, and upkeep efforts demonstrated that she alone bore the costs of continued ownership of the marital property. The trial court assigned the date of trial as the valuation date for the mortgage. The trial court then awarded ownership of the marital home to Wife and assigned the principal and arrearage balances of the mortgage to Wife. It subtracted the $267,203.56 trial-date

---

[1] The trial court's finding that Wife contributed $7,752.21 toward repairs and upkeep includes $1,902.62 spent on vehicle repairs rather than home repairs.

balance of the principal of the mortgage from the $338,000 filing-date value of the home to set the equity in the home at $70,796.44. The trial court ordered an equal split of that equity and found that Wife owed Husband $35,398.22 for his portion of the equity in the marital home.

As to alimony, the trial court found that, prior to any award, Wife earned $2,802.72 in monthly income and Husband earned $6,292.05 in monthly income. The trial court described the deposits and withdrawals from Husband's bank account in February 2021 to determine his income and expenses. The trial court found that Husband received $6,115.36 in net deposits. The only W-2 that Husband submitted suggests a net monthly income of $6,371.42. The trial court made no findings regarding Wife's expenses. Nonetheless, it determined that Wife had a need for alimony and Husband had the ability to pay. The trial court then ordered Husband pay $1,500 each month in retroactive durational alimony.

Husband moved for rehearing to review (1) the valuation of the marital home and credits for mortgage payments and (2) the trial court's findings about Wife's need for alimony and his ability to pay. After the trial court declined to alter its decision on these issues, Husband timely appealed.

## II.

First, Husband argues that the trial court erred in its equitable distribution when it assigned the valuation dates of the home and mortgage, failed to award credits for mortgage payments, and ordered an unequal distribution without required findings. We discern no error in the trial court's decision to value the mortgage at the time of trial. However, Husband prevails on the other equitable-distribution issues, so we must reverse the equitable-distribution scheme and remand for further proceedings.

"An equitable distribution award is reviewed under the abuse of discretion standard." *Moses. v. Moses*, 347 So. 3d 385, 388 (Fla. 5th DCA 2021). "However, a trial court's discretion is limited by certain requirements of the law." *Brutus v. Giles*, 360 So. 3d 1223, 1226 (Fla. 5th DCA 2023). "The distribution of marital assets

3

or liabilities must be: 'supported by factual findings based on competent substantial evidence and include specific written findings of fact as to any findings necessary to advise the parties or the reviewing court of the trial court's rationale for the distribution.'" *Silva v. Claffey*, 50 Fla. L. Weekly D285a, D285a (Fla. 4th DCA Feb. 5, 2025) (alterations omitted) (quoting § 61.075(3)(d), Fla. Stat. (2021)).

## A.

Husband argues that the trial court abused its discretion when it granted Wife the benefit of the $137,000 increase in the value of the marital home by selecting the date of separation rather than the date of trial as the valuation date.

Section 61.075(7), Florida Statutes (2022), provides that "[t]he date for determining value of assets and the amount of liabilities identified or classified as marital is the date or dates as the judge determines is just and equitable under the circumstances." Further, "[d]ifferent assets may be valued as of different dates, as, in the judge's discretion, the circumstances require." *Id.* Although judges are given discretion to determine valuation dates, our court has decided that "[w]hen marital assets have appreciated passively since the filing date, the date of the final hearing generally should be used." *Erdman v. Erdman*, 301 So. 3d 316, 319 (Fla. 5th DCA 2019). But "[w]hen marital assets have appreciated due to the work efforts of either party since the filing date, the filing date should be used." *Id.* A trial court acts within its discretion when it elects a date of separation as the valuation date "where the increase in value of the property or continued ownership of property is *solely* due to the work or efforts of the owner spouse." *Roth v. Roth*, 312 So. 3d 1021, 1028 (Fla. 2d DCA 2021) (emphasis added) (brackets omitted) (quoting *Norwood v. Anapol-Norwood*, 931 So. 2d 951, 952–53 (Fla. 3d DCA 2006)).

In both *Roth*, 312 So. 3d at 1027–28, and *Norwood*, 931 So. 2d at 952–53, the trial court properly valued the marital home as of the date of separation when one spouse continued to live in the marital home and made improvements to it without any assistance from the other spouse. The trial court likened this case to those cases and focused on evidence of the Wife's improvements leading

4

to property value increases. But this case is different from *Roth* and *Norwood*. Unlike the owner spouses who bore the entire burden of maintaining their marital homes in *Roth* and *Norwood*, Wife received assistance from Husband. Husband paid the mortgage on the marital home for nearly two years following the date of separation. Husband's expenditures toward the maintenance and continued ownership of the home—even discounting the arrearage balance that accrued after he stopped making mortgage payments—exceeded Wife's expenditures. Because the increase in the value or continued ownership of the property was not solely due to Wife's efforts, the trial court abused its discretion in valuing the marital home as of the date of separation.

**B.**

Husband also contests the trial court's failure to grant him credit for the mortgage payments he made during the first two years of the litigation. Wife claims that Husband's misconduct justifies the lack of mortgage-payment credits.

"Reimbursement or credit for a party's payment of marital property-related expenses during separation is a matter of judicial discretion in light of all relevant circumstances." *Weininger v. Weininger*, 290 So. 3d 928, 935 (Fla. 3d DCA 2019) (quoting *Stock v. Stock*, 693 So. 2d 1080, 1086 (Fla. 2d DCA 1997)). Our court has held that when one spouse makes post-separation payments toward a marital home, that spouse deserves a credit to half of those payments. *Fairchild v. Fairchild*, 135 So. 3d 537, 537 (Fla. 5th DCA 2014) (Mem.).

Under *Fairchild*, Husband is entitled to credits for half of his mortgage payments. Wife argues that Husband's failure to continue making the court-ordered mortgage payments justifies the absence of such a credit. It is possible that the trial court could decide that Husband's actions require the forfeiture of credit for his payments, especially when the arrearage balance resulting from his payment stoppage exceeds the credit to which he would be entitled. However, the trial court made no findings demonstrating that it intended to order forfeiture of Husband's mortgage credits. *See* § 61.075(3)(d), Fla. Stat. (requiring the trial

5

court to make any findings necessary to advise the parties or reviewing court of the trial court's rationale). "The failure of the trial court to make findings of fact to justify an unequal distribution of assets or liabilities generally requires reversal." *Moses*, 347 So. 3d at 389. Because the trial court did not make findings justifying an unequal distribution, we must reverse as to this issue.

## C.

Husband's last challenge to the equitable-distribution scheme claims that the trial court's decisions regarding valuation dates and mortgage-payment credits led to an unequal distribution for which the trial court failed to make specific findings.

"To justify unequal distribution, the trial court must include in the final judgment findings of fact supporting its determination." *Moses*, 347 So. 3d at 389 (quoting *Vilardi v. Vilardi*, 225 So. 3d 395, 396 (Fla. 5th DCA 2017)). Those required findings are described in section 61.075(1)(a)–(j), Florida Statutes. "The failure of the trial court to make findings of fact to justify an unequal distribution of assets or liabilities generally requires reversal." *Id.*

In *Moses*, we reversed an equitable-distribution scheme that did not contain findings justifying an unequal distribution. *Id.* There, the trial court adopted the husband's proposal for distribution of liabilities but did not allow him to keep the marital home. *Id.* However, the husband's liability-distribution proposal was conditioned upon his continued ownership of the marital home, so assigning those liabilities without that benefit created an unequal distribution. *Id.* In other words, the trial court's mistake led to an unequal distribution for which it had not made specific findings.

The same occurred here. The trial court attempted an equal distribution by assigning Wife responsibility for the mortgage alongside ownership of the home and granting equal shares of the equity in the home for Husband and Wife. However, the trial court's erroneous selection of the valuation date for the marital home led to Wife receiving an outsized share of the equity in the

6

marital home. This caused an unequal distribution. Because the trial court did not contemplate an unequal distribution, it did not include specific findings justifying one. In the absence of such findings, we must reverse the equitable-distribution scheme.

## III.

Turning to the alimony award, Husband claims that the trial court erred by failing to make necessary findings of fact regarding Wife's need and Husband's ability to pay. Because the trial court made no findings regarding Wife's expenses, we reverse the alimony award and remand for appropriate findings.

Section 61.08(2), Florida Statutes (2022), requires that, when determining whether to award alimony, courts "make a specific factual determination as to whether either party has an actual need for alimony . . . and whether either party has the ability to pay alimony." We reverse when a trial court awards alimony without making findings clearly describing an alimony recipient's need or expenses. *See Barrett v. Barrett*, 313 So. 3d 224, 229 (Fla. 5th DCA 2021) (reversing a retroactive alimony award where the trial court found a former wife had "some need" but did not quantify the amount); *Woelk v. Woelk*, 251 So. 3d 359, 359 (Fla. 5th DCA 2018) (reversing for further findings where it was not clear which expenses were included or excluded from the trial court's finding that wife had a need).

This case is like *Barrett*. Here, the trial court found that Wife had a need for alimony, but its order contained no findings regarding Wife's expenses. Despite that, it ordered Husband pay $1,500 per month in retroactive durational alimony. The absence of any findings of need precludes meaningful review of the alimony award, so we reverse.

Because we are remanding for further proceedings, we will briefly address the additional alimony issue that Husband raises. Husband contends that the trial court improperly determined his income. The trial court's order suggests that it attributed to Husband a net monthly income of $6,292.05. The record evidence of Husband's net monthly income included a bank account statement that showed $6,115.36 in deposits for a sampled month

and a W-2 that, after subtracting taxes and dividing to a monthly figure, showed $6,371.42 in net monthly income. It is unclear how the trial court reached its exact figure with respect to Husband's monthly income. On remand, it should explain its rationale.

## IV.

In conclusion, Husband demonstrates reversible error in the equitable-distribution scheme and the alimony award. Husband also claims that the trial court's total-support award far exceeds his ability to pay. However, because we reverse the alimony award, the total-support award is subject to reconsideration on remand. Therefore, we need not—and, hence, do not—address this final issue.

REVERSED and REMANDED for further proceedings.

SOUD, BOATWRIGHT, and PRATT, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____